Nov. Term, 1834.

HAYS
v.
ALLEN.

---

### HAYS v. ALLEN.

Words charging the plaintiff as postmaster, with taking money out of a letter put into the office by the defendant, and appropriating it to his own use, with keeping and embezzling letters, &c. are actionable.

Such slanderous words, assuming that the plaintiff possessed the character in which he was defamed, operate as an admission, and are *prima facie* evidence of the fact.

Though the declaration in this case not only stated that the plaintiff was a postmaster, appointed and commissioned by the postmaster general, but also that he had given bond and been sworn into office,—it was held that his character of postmaster, if evidence of it could be required, was sufficiently established by proof of his commission, and of his acting in that capacity.

Tuesday,
November 25.

ERROR to the *Morgan* Circuit Court.

M'KINNEY, J.—This is an action of slander brought by *Allen* against *Hays*. The declaration contains the prefatory allegation, that the plaintiff was a postmaster at *Port Royal*, *Morgan* county, appointed and commissioned by the postmaster general of the *United States*, and as such had given bond and taken the

oath of office, as required by law. The words alleged to have been spoken are embraced in one count, and charge the plaintiff as postmaster, with the crime of taking a letter out of the post office at *Port Royal*, in which the defendant had enclosed a certain sum of money directed to a merchant in *Cincinnati*, and appropriating the money to his own use, with keeping letters sent to the office to be mailed, embezzling letters, &c. It also contains the further charge—"*David Allen* is a thief." A special demurrer was filed to the declaration, objecting to all the words charged except the last. The demurrer was overruled, and a trial had on the plea of not guilty. The jury returned a verdict in favour of the plaintiff, and, after overruling a motion for a new trial made by the defendant, the Circuit Court rendered judgment on the verdict.

The judgment is alleged to be erroneous by the plaintiff in error,—1. Because the demurrer to the declaration was overruled; 2. On account of the refusal by the Court to give an instruction asked by the defendant, and in giving one to which he objected; 3. On the ground that a new trial should have been granted.

We think the counsel for the plaintiff in error was correct in not pressing the first and third objections. The declaration is unquestionably good. The act charged is subject to severe penalties by the laws of the *United States*, and of itself imports that moral turpitude, the charge of which is frequently the foundation of the action of slander. As the evidence upon which the Circuit Court refused to grant a new trial, is not before us, we are precluded from forming an opinion as to the correctness of that refusal. With these remarks, we will proceed to the examination of the second objection.

The instruction asked by the defendant below was as follows:—"That unless the jury believed from the evidence that *Allen*, the plaintiff, had before this suit given bond and taken the oath of office required by law, he could not recover in this action." This was refused, but the Court charged the jury, "that the commission produced to the jury, with evidence that he was acting as postmaster at the time of speaking the words, and at the time of bringing this suit, is sufficient to prove his official character." The instruction refused by the Court was clearly inadmissible. The charge made against the plaintiff was as postmaster. There was a recognition of his official

character, and, from the authorities, it seems that if the slander assumes that the plaintiff possesses the character, or fills the situation or office in which he is defamed, it operates by way of admission, and is *prima facie* evidence of the fact. 2 Stark. on Ev. 860.—*Berryman* v. *Wise*, 4 T. R. 366.

It is however contended, that as *Allen* has, by a prefatory allegation, described himself as postmaster, alleging his having been appointed and commissioned by the postmaster general, the execution of the bond, and his having taken the oath of office, that correspondent proof must be adduced to justify a verdict. There are principles which obviously conflict with this position, if it is taken, as the instruction asked seems to demand, to require proof not only of the commission, but of the execution of the bond, and of his having taken the oath of office. Without founding a confutation of this position upon legal presumptions, we will advert to a rule of law, that in cases where, from the precise and special nature of the allegation, the due appointment of the party to an office or situation must be proved, it is done by the production and due proof of the original appointment, when it is in writing. 2 Stark. on Ev. 373. Upon the production of a commission, or the proof of an original appointment in writing, if there be a bond to be executed or an oath taken by the law creating the office, the presumption in fact would arise, on proof that he had acted in that capacity, that he legally acted. 2 Stark. on Ev. 859.

*Allen's* allegation of character is certainly very special, and we have seen, that although special, from the assumption of the defendant below in speaking the words, he was entitled to that character, and that proof was consequently unnecessary to sustain it; yet, admitting such necessity to exist, it would appear indisputable that the production of the commission, with proof that he acted as postmaster, was sufficient to establish his official character. To require proof of the execution of the bond and of the oath being taken, would, we are inclined to think, be an improper extension of the rule, that prefatory averments essential to the case should be proved. For, even assuming from the averment that proof of the plaintiff's being a postmaster was necessary, which it is seen was not from the defendant's recognition of that character, the commission produced with the other evidence adduced, was sufficient. We do not consider the other averments as essential. The case cited from the

*English* books, of a physician alleging his having taken his degree as a doctor of physic, and the necessity of proving such averment in an action of slander, by the production of a diploma or other equal proof, would seem to be founded rather upon the particular rights reserved to the college of physicians by its charter, than upon any common law principle. For we find that in the case of an attorney suing for his fees, and alleging that he is an attorney of a particular Court, proof of his having acted as such is sufficient.

The conclusion therefore may be adopted, that evidence of the plaintiff's having acted in that particular character in which the words affect him, is *prima facie* evidence of his title to it. This conclusion is not repugnant to the rule, that prefatory averments essential to the case must be proved.

We are, therefore, of opinion that the Circuit Court was correct in refusing the instruction asked, as well as in that it gave.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs.

*P. Sweetser*, for the plaintiff.

*W. W. Wick* and *C. Fletcher*, for the defendant.