## BENAWAY VS. CONYNE and another.

1. JURY.—The statute being silent as to the manner in which a jury is to be drawn, it is sufficient if the drawing is fortuitous.
2. TRIAL — EXCLUSION OF WITNESSES. — It is a matter entirely within the discretion of the court whether witnesses shall be excluded from the court room while other witnesses for the same party are testifying, and the action of the court on this matter cannot be assigned for error.
3. SLANDER — PLEADING. — Where it was objected to a declaration by husband and wife for slander of the wife, that it was not distinctly alleged that they were husband and wife at the time of speaking the alleged slanderous words, which imputed to the wife criminal intercourse with one not her husband: *Held*, that as by the law of Wisconsin, both adultery and fornication are criminal offenses, the declaration was sufficient, as if the plaintiffs intermarried after the speaking of the words, still it was necessary that both husband and wife should join in a suit for speaking them.
4. VERDICT. —Where the verdict in an action for slander was "guilty of willful and malicious slander," and assessed damages: · *Held*, that by fair intendment it referred to the slander charged in the declaration.

(3 Chand., 214)

ERROR to the Circuit Court for *Rock* County.

This was an action of slander brought by *Conyne* and his wife against *Benaway* for stating he had had criminal intercourse with *Mrs. Conyne*, one of the plaintiffs.

At the trial the defendant's counsel objected to the manner of drawing and selecting the jury, which was that the clerk had a package of slips containing the names of the jurors which he held in his hand, drawing from it a slip at a time containing the name of· a juror, and defendant's counsel insisted that the

court should direct the clerk to put the names of all the petit jurors in a box or hat, and that they be drawn from thence by lot; but the court refused to give the desired direction, and against the defendant's objection allowed the clerk to select the jury in the manner first above indicated. Before the case was opened, the defendant's counsel requested the court to exclude from the court room during the opening of the case, the plaintiffs' witnesses, and that they be kept apart and not allowed to hear each other testify; but the court refused this request. After the case was opened for the plaintiffs, the defendant's counsel moved the court to nonsuit the plaintiffs on account of defects in their declaration, it not being alleged that *Mrs. Conyne* was the wife of her coplaintiff, *Abram Conyne*, at the time of the speaking of the alleged actionable words, but this motion was denied. The jury found the defendant "guilty of willful and malicious slander," and assessed the plaintiffs' damages at $400. A motion to set aside the verdict and to arrest judgment, for the reason urged in support of the motion for a nonsuit, and because the verdict of the jury was uncertain and insufficient, was denied, and the defendant brought this writ of error.

*D. Noggle*, for plaintiff in error, argued that the court erred in the method adopted to draw and impanel the jury, and in refusing to exclude the plaintiffs' witnesses from the court room as asked, and cited 1 Greenl. Ev., § 432; 2 Phil. Ev., 683; 6 Bing., 638; 4 Carr & P., 350, 632; that the court erred in refusing to nonsuit the plaintiffs (*Ryan v. Madden*, 12 Vt., 51), and in overruling the motion in arrest of judgment. Greenl. Ev., 584; Graham on New Trials, 133, 160; 3 Wend., 366.

*Bennett & Hudson*, for defendants in error, contended that as there was no statute or common law direction as to the manner of impaneling the jury, it was enough that it was fortuitous. Terr. Stat., 407, § 8; R. S., ch. 157, §§ 1-5. That the method requested was irregular and unprecedented. 3 Barb., 548. That the refusal to exclude the plaintiffs' witnesses was a matter of discretion, and could not be assigned for error. 3 Hill,

159 ; 4 id., 119 ; 3 Barb., 31.   That the defendants could not move for a nonsuit on account of insufficiency of the declaration.   3 Barb., 419.   That the allegation of the existence of the marriage relation, though not specific as to the time of speaking the slanderous words, was sufficient after verdict.   11 Johns., 141 ; 13 id., 87 ; 1 Chitty Plead., 679 ; 1 Saund., 228 and notes ; R. S., ch. 100, § 7.   And that whether the plaintiffs were married or not, the slander as alleged and proved, admitted the marriage.

WHITON, J.   This was an action on the case, for slander, brought by the defendants in error (who are husband and wife), against the plaintiff in error, for alleging that the wife had had carnal intercourse with him.   At the trial, the jury returned a verdict for the plaintiffs, upon which the court rendered a judgment.   The errors assigned by the plaintiff in error are :

*First.* That the court erred in refusing to direct the clerk properly to draw the jury.   *Second.* In refusing to exclude the plaintiffs' witnesses from the court room during the progress of the trial.   *Third.* In refusing to order a nonsuit ; and *Fourth.* In overruling the motion in arrest of judgment.

By the bill of exceptions, it appears that after the jury had been drawn, and had taken their place in the jury box, the judge was requested to order the clerk to draw a new panel of jurors, for the reason that the clerk had not drawn the names of the jurors from the box, but had held slips of paper, with the names of the jurors written thereon, in one hand, and had drawn them out with the other.   The judge then inquired of the clerk if the names of the jurors in the box had been drawn fortuitously, and upon being informed by the clerk that they had been so drawn, decided that there was no necessity for drawing a new panel.   It appears that the attorney for the defendant then made a formal motion to have the names of the jurors in attendance put in a box, and drawn out, four at a time ; which motion was overruled by the court, to which decision the

counsel for the defendant excepted. It appears from the bill of exceptions, that after this motion had been overruled, the clerk informed the judge that nine jurors had been summoned by a *venire facias*, issued after the term of the court had commenced ; that he had written the names of the jurors thus summoned on slips of paper of a different color from those containing the names of the other jurors, and that in drawing the jury in the box, he had endeavored to get about one-third of those last summoned, as they composed one-third of the whole number in attendance. Another motion was then made by the counsel for the defendant for a new drawing of the jury, which was overruled by the court, to which the defendant excepted.

We see no error in the ruling of the judge. It appears that the counsel for the parties witnessed the drawing of the jury, and that neither of them made any objection to the manner in which the drawing was conducted.

As our statute is silent in respect to the manner in which jurors are to be drawn, it is sufficient if the drawing is fortuitous. Whether the slips of paper containing the names of the jurors are placed in a box or held in the hand of the clerk and drawn out fortuitously, is entirely immaterial, and any other mode of obtaining a jury which ensures fairness would be equally free from objection. The second error assigned is, that the court erred in refusing to exclude the plaintiffs' witnesses from the court room during the progress of the trial on the part of the plaintiffs. It appears from the bill of exceptions, that a motion was made by the counsel for the defendant, to have the plaintiffs' witnesses excluded from the court room and kept out of the hearing of the testimony given on the part of the plaintiffs. and during the opening of the cause on the part of the plaintiffs and the reading of the declaration. The judge refused to make the order asked for on the ground, as stated in the bill of exceptions, that he was not aware that the court had the authority to make such an order in civil cases, and stated that if he had the authority he would make the order.

It is argued on the part of the plaintiff in error, that as it depends upon the exercise of the discretion of the judge, both in civil and criminal cases, whether the witnesses shall be excluded from the court room or not, while the other witnesses on the same side are testifying, the court committed an error in refusing to make the order in this case. That it was not an exercise of discretion, for which a writ of error will not lie, but an error of law, because the judge stated that if he had the power to exclude the witnesses, he would make the order asked for by the counsel for the defendant. There is no doubt that it is a matter entirely within the discretion of the judge, whether the witnesses shall be excluded or not while the other witnesses on the same side are giving in their testimony. 1 Greenl. Ev., 432; 3 Phil. Ev., 395; 7 Car. & P., 350; 6 Bing., 638. But admitting that the view taken of the matter by the counsel for the plaintiff in error is correct, and that the refusal of the judge to exclude the witnesses for the reason he gave would have been error, if the order he was requested to make had been to exclude the witnesses on the part of the plaintiffs while the other witnesses of the plaintiffs were testifying, it will be seen by a reference to the bill of exceptions, that the motion which was overruled was for an order much more comprehensive.

It was not only to exclude the plaintiffs' witnesses while their other witnesses were testifying, but also during the opening of the case on the part of the plaintiffs and the reading of the declaration. No elementary work, nor any adjudicated case which has fallen under my observation, authorizes the exclusion of witnesses from the court room except while other witnesses on the same side are testifying. 1 Greenl. Ev., sec. 432, and note. We are of opinion that in overruling the motion no error was committed. The third and fourth errors assigned will be considered together.

It appears that a motion for a nonsuit and the motion in arrest of judgment, were both founded upon an alleged defect in the declaration, with the additional reason in support of the

latter motion that the verdict of the jury was defective. The plaintiff in error contends that the declaration is insufficient, because it does not charge the uttering of actionable words, and because it does not allege that the plaintiffs were married at the time the words were spoken. We are satisfied that neither objection is well taken. The words by which the charge of carnal intercourse was made by the defendant, although too vulgar and indecent to find a place in any dictionary of our language, convey to the mind of the reader of the declaration, as they must have conveyed to the minds of those who heard them uttered, the charge of sexual intercourse with the defendant. It is true that they are not aided by an innuendo, for that cannot extend their meaning, but taken by themselves, they convey the idea that the defendant had had carnal knowledge of the body of the female plaintiff.

The objection that the declaration does not allege that the plaintiffs were husband and wife, at the time when the words were uttered, merits more consideration.

The manner in which the averment, that the plaintiffs were husband and wife, is made in the two first counts, is as follows : After the statement, in the introductory part of the declaration, of the good character of *Mary Ann Conyne*, the wife of *Abram A. P. Conyne*, the declaration goes on to state that the defendant, contriving and maliciously intending to injure the said *Mary Ann Conyne*, wife of the said *Abram A. P. Conyne*, on, etc., at, etc., spoke the words of and concerning the said *Mary Ann Conyne*. The third count charges the speaking of the words, of and concerning the said *Mary Ann Conyne*, the wife of the said *Abram A. P. Conyne*. The objection urged by the counsel for the plaintiff in error, to this mode of averring the fact that the plaintiffs were husband and wife is, that it does not appear that they were then husband and wife ; that the declaration may be true, and yet their marriage may have taken place since the words were uttered. Without stopping to inquire whether this is a fair or a hypercritical construction of

this averment, we are entirely of opinion that it is entirely immaterial, for the purpose of sustaining this action, whether the plaintiffs were married before or since the words were uttered. Our criminal code punishes both adultery and fornication, and, if *Mrs. Conyne* was unmarried, she could have maintained an action in her own name against the defendant for speaking the words set out in the declaration. *Miller v. Parish*, 8 Pick., 384. And her marriage, after the words were spoken, to her present husband, would make it necessary to join him as a plaintiff in the suit. It is no objection that the innuendo following the words states that the defendant thereby intended to charge her with the crime of adultery. The innuendo cannot extend or enlarge the signification of the words, and if, as is contended by the plaintiff in error, the declaration does not contain the averment that the plaintiffs were married at the time the words were spoken, the innuendo may be rejected as surplusage, and the declaration would be good. 1 Chitty's Plead., 436-8. If our statute punished adultery and not fornication, and, in consequence, no action could be maintained for charging unmarried persons with sexual intercourse, it would, of course, be necessary for the declaration to allege that the words were spoken of a person who was married; but it can make no difference in the present case.

Another point was argued by the counsel for the plaintiff in error, arising from the verdict of the jury. The verdict is in these words: " We, the jury, find the defendant guilty of willful and malicious slander, and assess the plaintiffs' damages, four hundred dollars." It is insisted, on the part of the plaintiff in error, that it does not appear by the verdict, of what slander the jury found the defendant guilty; whether that charged in the declaration, or some other. But we think that the willful and malicious slander found by the verdict, must, by fair intendment, mean that complained of in the declaration. *Porter v. Rummery*, 10 Mass., 64.

Judgment affirmed.