## Hesler *v.* Degant.

An objection to evidence given in a cause tried before the passage of the act of 1851 on the subject, will be held to have been properly overruled, if the ground of the objection does not appear in the record.

The defendant in slander having offered in evidence the deposition of a witness tending to sustain a plea in justification of the speaking of a part of the words laid in the declaration, the plaintiff objected to the deposition—stating that those words were not relied upon by him.   The Court sustained the objection, directing the jury to disregard those words; and in their charges instructed the jury that those words being withdrawn, were not to be considered by them.   *Held,* that the rejecting of the deposition did not injure the defendant.

In slander for words spoken of the plaintiff in his trade, if the words proved assume that, when they were spoken, the plaintiff was carrying on such trade, there is no need of proving that fact.

Objections to instructions given to the jury will not be regarded, if the record does not show that the instructions were excepted to when they were given, or at any time before the jury gave their verdict.

Evidence of actionable words spoken by the defendant of the plaintiff after the commencement of the suit, is admissible, in slander, to show the

Nov. Term,    motive with which the words were·spoken for which the suit was
1852.         brought.

Hesler
v.            APPEAL from the *Decatur* Circuit Court.
Degant.
              BLACKFORD, J.—*Degant* brought an action of slander
*Friday,*     against *Hesler.*
*November* 26.
                  The declaration states that, on, &c., at, &c., the plain-
              tiff was, by trade, a tanner and currier, and carried on
              the business of a tanner and currier; that the defendant,
              in a conversation of and concerning the plaintiff and his
              said business, spoke and published of and concerning the
              plaintiff in his said business, the following words:   He
              (meaning the plaintiff) is a good for nothing rascal; he
              takes the people's good hides and sells them, and gives
              them (meaning said people) trash, good for nothing lea-
              ther; and all the leather he makes is good for nothing;
              he (the plaintiff meaning) marks other men's sheep; there-
              by intending to charge the plaintiff with dishonesty in his
              said business and with larceny.
                  There are two pleas:
                  First, the general issue.
                  Secondly, as to the words that the plaintiff marked other
              men's sheep, that the charge was true.
                  Replication to the second plea, *de injuria.*
                  Verdict for the plaintiff for 167 dollars, and judgment
              on the verdict.
                  The facts proved were substantially as follows:
                  The plaintiff was, by trade, a tanner and currier, and
              carried on the business of his trade.   Before the com-
              mencement of the suit, the defendant said of the plain-
              tiff that he was a good for nothing rascal; that all the
              leather he made was good for nothing; that he would
              take the people's good hides and keep them, and give
              them bad leather.   After the commencement of the suit,
              the defendant said that the plaintiff was in the habit of
              getting good hides and letting the people have poor ones.
                  The defendant also said that the plaintiff was a sheep-
              marker.
                  Every part of the plaintiff's evidence was objected to,
              but the objection was overruled.

As the ground of objection to the plaintiff's evidence does not appear, and the trial was before the passage of the act of 1851 on the subject, we must presume the objection to have been rightly overruled.

The defendant, at the proper time, offered in evidence a deposition tending to sustain his second plea. The plaintiff objected to the deposition, stating that the words to which the plea related were not relied on by him. The Court sustained the objection, directing the jury to disregard those words. The Court, again, in their charges to the jury, instructed them as follows: "The words about marking sheep being withdrawn by the plaintiff, are not to be considered by the jury."

We think that, under those circumstances, the rejecting of the deposition did not injure the defendant.

It is contended by the defendant that there was no proof that when the words respecting the plaintiff's trade were spoken, the plaintiff was carrying on his trade.

It was proved that the plaintiff was a tanner and currier, and that the defendant said of him (as alleged in the declaration) *that he was a good for nothing rascal, and that all the leather he made was good for nothing*. This charge assumes that, at the time it was made, the plaintiff was engaged in his business of making leather, that is, of a tanner and currier; and there could be no need of proving what the words themselves assumed. *Hays* v. *Allen*, 3 Blackf. 408.

That the words just referred to, spoken of the plaintiff in his trade, are actionable, there can be no doubt. It has been recently held that the words, "You are a rogue and a swindling rascal; you delivered me 100 bushels of oats worse by 6d. a bushel than I bargained for," were actionable when spoken of a person who carried on the business of a corn-vendor. *Thomas* v. *Jackson*, 3 Bingh. 104.

The defendant objects to some of the instructions given to the jury. The answer to this objection is, that the record does not show that the defendant excepted to any of

Nov. Term,
1852.

THE STATE
v.
BOWDEN.

the instructions when they were given, or at any time before the jury gave their verdict.

Some of the words proved were spoken after the suit was commenced; but, at the time they were proved, the plaintiff stated that he did not offer the evidence to increase the damages. The Court, as to the evidence last mentioned, instructed the jury as follows: "No damages can be given for any words not actionable, nor for words spoken after suit was brought. The only use the jury can make of such words is for the purpose of ascertaining the feelings or motives under which defendant spoke the other words for which action is brought." The admission of this evidence cannot, therefore, be considered erroneous. *Schoonover* v. *Rowe*, 7 Blackf. 202, and note. —2 Saund. Plead. and Ev. 951.

*Per Curiam.*—The judgment is affirmed with 6 *per cent.* damages and costs.

*J. Robinson* and *A. Davison*, for the appellant.

*J. S. Scobey*, for the appellee.