## THOMAS SAVAGE, Plaintiff in Error,

*vs.*

## ELISHA B., JOHN F. and FRANCIS DRAKE, Defendants in Error.

### ERROR TO CIRCUIT COURT, CRAWFORD COUNTY.

Although a witness has testified that he had called upon the defendant and requested pay for a bill of trees sold, and which the defendant refused to pay, it is not then competent for the defendant to ask the witness what reason, if any, the defendant gave for not paying the bill; unless the defendant also offer distinctly and explicitly to show that the answer will prove some fact material to the issue.

The cases of *Millet vs. Hayford*, 1 Wis., 410, and *Sewell vs. Eaton*, 6 Wis., 490, affirmed.

This action was commenced by declaration in the common counts, for goods, &c., sold and delivered, but in fact to recover for the value of a large quantity of nursery trees, vines &c., sold by the Drakes to Savage. There was no bill of particulars. The defendant, Savage, pleaded the general issue, and gave notice that he should prove that the trees, vines, &c., were worthless and of no value at the time of their delivery. On the trial of the cause the plaintiff's below introduced an order signed by Savage, as follows:

" Messrs. E. B. J. F. & F. Drake, will please deliver to the order of the undersigned, at Prairie du Chien, on or before the 25th of May, 1856, the following bill of trees and plants at the prices annexed: 2000 apple trees, from 4 to 6 feet high, $20 per 100; 50 D. Pears, $50 per 100; 25 plumb, $40 per 100; 50 cherry, $50 per 100; 5 quince, $30 per 100; 50 grape, $25 per 100; 12 raspberry, $25 per 100; 75 large stan-

dard apple trees for myself; 50 winter and 25 summer and fall, at 25 cents and transportation charges added.

" Charged May 1st in full.

" Dated January 23d, 1856.

    [Signed]          " T. A. SAVAGE.

      "            " JOHN McMILLAN, Agent.

The defendant objected to this evidence, on the ground that it was not competent to prove the sale of the trees, shrubs and plants named in the order under the declaration for "goods wares and merchandise." The plaintiffs then proved by W. F. Ward that " he called on the defendant some time about the 7th of June, 1856, as agent for the plaintiffs, and asked him to pay the bill for the trees. He, Savage, refused to pay." The counsel for the defendant then asked the witness : " What reason, if any, did defendant give for not paying the bill for the trees, &c. ?" This was objected to, and the objection sustained. The defendant then offered to prove that a similar lot of trees, sent at the same time by the plain-tiffs to another person, were worthless ; to show inferentially that these trees were of the same kind, and worthless. This evidence was rejected by the court. Several other questions were raised by the instructions asked for by the defendants, but as the court has not passed upon them, they will not be noticed.

Judgment was rendered for the plaintiffs below for $509,25 and costs, and the defendant sued out this writ of error.

*J. H. Knowlton* and *Bull & King* for the plaintiff in error.

*Johnson & Bullock* for the defendants in error.

*By the Court*, Smith, J. It will be perceived upon slight reflection, that it is utterly impossible for the three members

composing this court to discuss at length, or even notice *seriatim,* all the points which counsel very properly raise in their briefs upon the cases presented. Although these points are considered in consultation, yet it ought not to be, and cannot be expected, that in the written opinions or " decisions " of the cases respectively, all of the questions raised are to be treated of as propositions of law, and discussed at length, each of which might form the subject of an essay.

In this case there are several questions of grave interest and import, which would afford ample scope for a mind at leisure. But this must be foregone in the present case, and our attention confined to the only exception taken on the trial, which materially affects the merits of the case.

It appears from the bill of exceptions that the plaintiff below on the trial in the circuit court, called W. F. Ward as a witness, who testified that he called on the defendant some time about the 7th of June, 1856, as the agent of the plaintiff, and asked him to pay for the trees, and that Savage refused to pay. On the cross examination the witness was asked what reason, if any, the defendant gave for not paying the bill for the trees. To this question the counsel for the plaintiff objected, and the objection was sustained by the court.

There is no doubt but there are many questions proper to be put upon cross examination, designed either to test the memory or credibility of the witness, which may or not be at all material to the real merits of the case, or the answer to which would be of serious moment. It is in all such cases incumbent upon the plaintiff in error to show error affirmatively. In this case the witness was asked what reason, if any, the defendant gave for not paying the bill for the trees. Whether his answer to the question would have been material or not we are not informed. If the the party had made an offer of matter material to the case; or such matter so ma-

terial were *necessarily* involved in the answer to the question propounded; or if the party had made a distinct offer to prove facts material, and the offer had been rejected, then we should have no hesitation in pronouncing upon the error alleged in the ruling of the court below. But nothing of this kind appears. It does not appear that the defendant offered to prove that he gave any reason at all for not paying for the bill for trees. In all cases where testimony is sought to be introduced and is rejected, the party alleging error must show that there was error material. It should appear what evidence the party expected, and his offer should be distinct and explicit; or he should show some point of error not materially abstractional or contingent, but so assign his grievance that it can be made a part of, and enter into the case in error. Suppose in this case the witness had answered that the reason given by the defendant below for not paying the bill was, that he had not the means. Would this be at all material? Or, that it would be inconvenient to pay; or, in general terms, that the bargain had turned out to be a bad one on his part. Surely such an answer would be entirely immaterial, and no defence could be predicated upon it.

We are aware that this case (in regard to the point in question) is different from that of *Millett vs. Hayford*, 1st Wis., 410, and that of *Sewell vs. Eaton*, 6 Wis., 490. In these cases the parties sought to introduce direct and affirmative evidence on their own part, by propounding in one instance a question to the witness which was objected to, and exception taken without intimating to the court the nature of the evidence sought, or making any offer to prove or disprove any fact relevant to the case; in the other a letter was offered and rejected, and the bill of exceptions failed to show the contents of the letter, and hence this court could not judge of its materiality or relevancy.

It is true there is a difference between the attempt to intro-

Savage vs. Drake.

duce direct and affirmative evidence, and the propounding questions to a witness on cross examination, when the disclosure of the answer sought might defeat the object in putting the question. We have tried to keep this distinction in view, and have felt the difficulty there must be in drawing a definite line of demarkation. There must be some limit to questions upon cross examination. Counsel cannot be permitted to give their imagination or zeal full scope, and assign error to every overruling of the court. It is not worth while to discuss this matter further than to say, that from the whole case we have failed to discover any error in the proceedings of the court below in respect to the particular matter here complained of.