## RANGER and another vs. GOODRICH.

Words charging a married woman with being "a whore" are actionable *per se.*

Whether the same words spoken of an unmarried woman would not be actionable in this state, where fornication is punishable by statute, it was not necessary in this case to decide.

It is a general rule that words charging another with an act involving moral turpitude punishable by law, are actionable.

Where the defendant spoke the slanderous words of the plaintiff immediately after a conversation between the plaintiff and a witness to whom the words were spoken: *Held,* that if the defendant heard such conversation, and there was anything in it of an insulting character towards him, or tending to excite his anger, he had a right to show it in mitigation of damages.

But if the defendant's counsel simply asked the witness what was said in such conversation, without stating to the court what he expected to prove, the appellate court cannot say that the testimony was relevant, and that the court below erred in excluding it.—DIXON, C. J., dissented.

The question under what circumstances a judgment should be reversed for a refusal by the court below to allow answers on cross-examination, although counsel did not disclose what they expected to prove, discussed *per* PAINE, J.

ERROR to the Circuit Court for *Washington* County.

The action in the court below was brought by *William Ranger* and *Mary* his wife, for slanderous words alleged to have been spoken concerning the wife by *Goodrich*, charging her

with being " a whore." The first count alleges that the words charged were used by the defendant in a remark addressed to one Barnes ; the second that they were spoken to the plaintiff *Mary* herself, in the presence of other persons. The answer was a general denial. On the trial, said Barnes, as a witness for the plaintiffs, testified that on the day alleged in the complaint, at a certain house, there was some talk between him and *Mary Ranger* about the defendant; that as witness came out of the door, he saw the defendant near the house ; defendant said, "A fine dish of conversation you have had ;" witness said "Why ?" and defendant answered, "You have been listening to that whore." At this, *Mary Ranger* stepped to the door and said, " *Mr. Goodrich*, I don't like to hear you call me such names;" and the defendant answered, "You are a * * whore, and I can prove it." Upon cross-examination, the defendant offered to show the conversation between the witness and *Mary Ranger* concerning him ; but the plaintiffs objected on the ground that it was irrelevant to the issue, and the court sustained the objection. The defendant moved to dismiss the complaint, on the ground that the words spoken were not actionable *per se*. Motion denied. Verdict and judgment for the plaintiffs.

*Geo. W. Foster*, for appellant :

In the opinion of ALLEN, J., in *Bush v. Prosser*, 1 Kern., 347, is found a dictum to the effect that "mitigating circumstances may and should be pleaded," under sec. 150 of the N. Y. Code, being the same as sec. 12, chap. 125 of our R. S. This dictum is not confined to the action of slander, but is general. It cannot be seriously contended that this section has imposed such an impracticable duty on the profession. Nobody so understands it. Now, as before the code, proof of mitigating circumstances is allowed where no answer is put in. *Saltus v. Kip*, 2 Abb., 382. Judge SELDEN, in giving his opinion in the case of *Bush v. Prosser*, did not refer to sec. 150, but based his conclusion on sec. 165, which is the same as sec.

27, chap. 127 of our R. S. In *Bisbey v. Shaw*, 2 Kern., 67, where *Bush v. Prosser* is followed, sec. 150 is not referred to, but sec. 165 is alone relied on. To the point that sec. 27, chap. 125, R. S., does not require that mitigating circumstances shall be set up in the answer in an action for slander, in order that they may be proven at the trial, counsel cited *Graham v. Stone*, 6 How. Pr. R., 15; *Brown v. Orvis*, id., 376.

*I. N. Frisby*, for respondents:

The defendant in an action for slander cannot give in evidence matters in mitigation of damages unless he has set them up in his answer. *Heaton v. Wright*, 10 How. Pr. R., 79, 83, 84; *Bush v. Prosser*, 1 Kern., 347, 353, 356; *Bisbey v. Shaw*, 2 id., 67, 73; *Van Benschoten v. Yaple*, 13 How. Pr. R., 97. 2. All defenses, whether full or partial, must be set forth in the answer, and as the facts offered to be proven by the defendant in this action would go in mitigation of damages, and were a defense in part, they could not be proven without having been alleged in the answer. *McKyring v. Bull*, 16 N. Y., 297, 307.

*By the Court*, PAINE, J. There can be no doubt that the words here charged are actionable. Spoken of a married woman, they necessarily impute to her the guilt of adultery; and it is a general rule, that words charging another with a crime involving moral turpitude punishable by law are actionable. There are cases which have held that at common law similar words spoken of an unmarried woman are not actionable *per se*. But that was where the act charged was not punishable by law. Whether the same doctrine could prevail under our statute, which punishes fornication, it is not necessary here to decide. The following are cases where the action has been sustained upon similar words, spoken in some instances of married and in others of unmarried women. *Richardson v. Roberts*, 23 Georgia, 215; *Hosley v. Brooks & wife*, 20 Ill., 115; *Reynolds v. Tucker & wife*, 6 Ohio St., 516; *Burford v. Wible*, 32 Penn. St., 95.

It appeared on the trial, from the testimony given by the principal witness for the plaintiff, that he had a conversation with *Mrs. Ranger* in the house about the defendant, and that on leaving the house, he met the defendant on the outside, who there made the charge for which the action is brought. On the cross-examination the defendant's counsel asked the witness what the conversation was between him and *Mrs. Ranger* in the house. This was objected to as immaterial, and excluded by the court, and its exclusion is relied on as error.

The words spoken by the defendant to the witness when the latter came out of the house, imply that the defendant had heard the conversation. And if this was so, and there was anything in it of an insulting character, or tending to excite anger, the defendant had a right to show it in mitigation of damages. *McClintock v. Crick*, 4 Iowa, 453 ; *Brown v. Brooks*, 3 Ind., 518 ; *Larned v. Buffington*, 3 Mass., 553. Anything which is a part of the *res gestæ*, and which is material for any purpose, may always be shown. But notwithstanding this, a court is not bound to sit and hear anything that occurred at the time and place of the matter in controversy, without reference to the question whether it had any bearing at all on the merits of that controversy. If, therefore, counsel simply ask what was said or done, and the answer is excluded for immateriality, it seems impossible for an appellate court to reverse the judgment for such exclusion ; for it cannot see whether that which was sought to be shown was material or not. Hence arises a necessity for counsel to indicate the character of the fact sought to be proved, and when this is done, the appellate court can see at once whether it would have been material or not. This rule has been very strictly applied by this court in the case of *Savage v. Drake*, 8 Wis., 272 ; and we could not reverse this judgment for the exclusion of this evidence without overruling that case.

But that case concedes that great latitude is often necessary in cross-examination, even as to matters not strictly material

to the issue, for the purpose of testing the capacity and credibility of witnesses. But while this right ought never to be unreasonably restricted, it must be to a great extent subject to the discretion of the circuit judge.

I will not say that a case might not be presented where a judgment should be reversed for refusing to allow answers on cross-examination, although counsel did not disclose what he expected to prove. Thus a witness might be called by one party and testify to things which took the other entirely by surprise. He might have the best reasons for knowing that the statement was an entire mistake or deliberately false. The object of a cross-examination, under such circumstances, would be, by a minute inquiry for particulars and about matters apparently collateral, upon which the witness might not be upon his guard, or the drift of which he might not see, either to discover some clue to the mistake or to detect the falsehood. And yet counsel, in pursuing such a cross-examination, might be wholly unable to disclose what he expected to call out from the witness, and indeed he might and could have no expectation on the subject. And if such a case should be presented, and the right of cross-examination should be arbitrarily cut off merely because counsel could not make it appear what answer he expected to get, I am not prepared to say that the judgment should be allowed to stand. Perhaps, however, such a proceeding might be said to be an abuse of the discretion of the court in controlling cross-examination.

But such was not the case here. If there was anything in the conversation between the witness and *Mrs. Ranger* which was overheard by the defendant, and which had any tendency to mitigate damages by showing provocation, the defendant knew what it was. And when his question was objected to for immateriality, he should have disclosed the nature of the fact expected to be proved. In addition to the case of *Savage vs. Drake*, the case of *Wiggin vs. Plumer*, 11 Fost. (N. H.), 251, may be referred to as containing a very clear discussion of the

JANUARY TERM, 1863. 83

Town of Ripon vs. Joint School District No. 11, &c.

principles upon which facts constituting part of the *res gestœ* are admissible, and showing that to establish error in rejecting evidence, it must appear that the fact sought to be shown was material to the matter in controversy. See also *Williams vs. Williams*, 34 Penn. St., 314, and *Sewell vs. Eaton*, 6 Wis., 494. These, it is true, were not cases of cross-examination. Yet a party has no more right to insist upon taking up time with matters absolutely immaterial on a cross-examination, than he has on an examination in chief. And this being so, the same rule must prevail in both cases in respect to disclosing the evidence expected to be called out, so that it may be seen whether there was any error in rejecting it.

A majority of the court are of the opinion that the judgment should be affirmed.

DIXON, C. J., dissented.