## FILBER AND WIFE VS. DAUTERMANN.

SLANDER—PLEADING: *What words actionable.—Facts assumed in defamatory words need not be pleaded.*

1. Where words (spoken in German in the presence of persons who understood that language) charged one of the plaintiffs with administering to her daughter pills " to drive off a child : "   *Held*, that they would naturally be understood as charging the crime of attempting to procure an abortion, and are actionable *per se.*
2. It was not necessary to aver in the complaint that said plaintiff had a daughter and that she was pregnant—those facts being assumed in the defamatory words.

APPEAL from the Circuit Court for *Washington* County.

Slander.  The defamatory words, alleged to have been spoken to and concerning the plaintiff *Catharine Filber,* in the German language, in the presence of the plaintiffs and of other persons who understood that language, were as follows: " Du hast deiner Tochter Pillen eingeben, um das Kind abzutreiben "; which are alleged to mean in English : " You have administered to your daughter pills to drive off the child ; " and it is averred that defendant thereby charged and maliciously intended to have it understood and believed that said *Catharine* was guilty of the crime of attempting to procure an abortion upon her daughter.

The defendant demurred to the complaint as not stating a cause of action; and appealed from an order overruling the demurrer.

*Thorp & Frisby,* for appellant:

To constitute slander, the charge must be such that, by the ordinary signification of the words, if true, it will subject the party to an indictment for a crime involving moral turpitude, or to an infamous punishment.  *Montgomery v. Deeley,* 3 Wis. 709; *Power v. Price,* 16 Wend. 456 ; *Goodrich v. Hooper,* 97 Mass. 1–5. To constitute the crime of abortion, the medicine

must be administered to a woman quick with child, with a malicious design, or for an unlawful purpose. *Comm. v. Bangs*, 9 Mass. 387 ; *Comm. v. Parker*, 9 Met. 263 ; 4 Steph. Com. 128 ; 1 Russell on Cr. 671 ; Wharton's Am. Cr. Law, secs. 12, 14 et seq. ; *Comm. v. Wood*, 11 Gray, 85 ; 1 Burrill's Law Dic. 13, " Abortion ; " 2 Bishop Cr. Proc. 7. Medicine may be administered to a pregnant woman to expel the child, without criminality, if it is done to save the woman's life, or to expel a child which has lost vitality, or at the period of parturition. *Comm. v. Wood*, 11 Gray, 85, 89, 90 ; 2 Bishop Cr. Proc. 5 ; Wharton & Stille's Med. Jur. sec. 344 ; Gunn's Dom. Med. 505. So the medicine in this case might have been administered by the plaintiff *Catharine* as a physician or midwife ; and it does not appear by the complaint that it was not such, or that it was not done under the direction of a physician for a lawful purpose. 2. The complaint nowhere shows that plaintiffs had any daughter, or that she was pregnant, or that the speaker or hearers knew this fact, or that the discourse was in reference to such a daughter. These facts should have been alleged in the *colloquium*, and cannot be averred by way of innuendoes. *Fry v. Bennett*, 5 Sandf. 54 ; *Bloss v. Tobey*, 2 Pick. 320 ; *Tebbetts v. Goding*, 9 Gray, 254 ; *Caldwell v. Raymond*, 2 Abb. 193 ; *Pike v. Van Wormer*, 5 How. Pr. 175 ; *Cramer v. Noonan*, 4 Wis. 237.

*Frisby & Weil*, for respondents, argued that the words in question charged a crime (R. S. ch. 169, sec. 58 ; *Ranger v. Goodrich*, 17 Wis. 78 ; 3 Chand. 214, 221 ; *Miller v. Houghton*, 10 Up. Can. Q. B. Rep. 348) ; that the words must be construed in the sense that is most obvious and natural (*Montgomery v. Deeley*, 3 Wis. 709), and if there were a possibility of different meanings, it must be left to the jury to determine whether the defendant did not intend to convey the meaning alleged in the complaint (*Dottarer v. Bushey*, 16 Pa. St. 204 ; *Gibson v. Williams*, 4 Wend. 320 ;

*Ex parte Baily,* 2 Cow. 479; *Goodrich v. Woolcott,* 3 id. 231, 239, 240; 1 Starkie on Slander, 60); and that it was not necessary to aver in the *colloquium* facts which were asserted or necessarily implied in the slanderous words themselves. *Widrig v. Oyer,* 13 Johns. 124; *Young v. Miller,* 3 Hill, 21; *Comm. v. Wood,* 11 Gray, 85, and especially at p. 93; *Phillips v. Barber,* 7 Wend. 439; *Case v. Buckley,* 15 id. 327; Townshend on Slander and Libel, sec. 315, and note 1529, on p. 395, and cases there cited.

COLE, J.    It appears to us that the words set forth in the complaint are clearly actionable. They impute to the plaintiff *Catharine* an attempt to procure an abortion upon her daughter. This is an indictable offense under our statute, punishable by imprisonment in the county jail not more than one year nor less than three months, or by a fine not exceeding five hundred dollars, or by both fine and imprisonment, at the discretion of the court. Section 58, chap. 169, R. S. This is certainly a "crime involving moral turpitude," and subjects the party guilty of its commission to an "infamous punishment." The words are therefore actionable *per se. Benaway v. Conyne,* 3 Chand. 214; *Montgomery v. Deeley,* 3 Wis. 709; *Ranger v. Goodrich,* 17 id. 78.

But it is said that the words used do not, in their ordinary signification, necessarily impute a crime. The words were spoken in the German language, in the presence of persons who understood that language. They are translated, and charge the plaintiff *Catharine* with administering to her daughter pills to drive off a child. The natural meaning of this language is, to charge that *Catharine* attempted to procure an abortion upon her daughter; and it would, doubtless, be understood in that sense by those who heard it. This is the natural import of the words spoken, and they convey to the minds of ordinary

persons the charge of a crime. *Robinson v. Keyser*, 2 Foster, 323; *Bricker v. Potts*, 12 Pa. St. 200.

It is further argued in support of the demurrer, that the complaint is bad because it does not show that plaintiffs had a daughter, or that she was pregnant, or that the speaker or hearer knew these facts. But the fact that the plaintiffs had a daughter is necessarily assumed in the defamatory language. And where the slander expressly, or by necessary implication, assumes the existence of certain facts, the plaintiff may accept the statement and rely upon it, without being obliged either to allege it in his pleading or establish its truth by evidence. This rule is recognized by the following authorities: 2 Greenl. Ev. § 412; *Jones v. Stevens*, 11 Price, 235 (5 Eng. Exch. R. 62); *Hayes v. Allen*, 3 Blackf. 408; *Hesler v. Degant*, 3 Ind. 501; *Rodebaugh v. Hollingsworth*, 6 id. 339; *Case v. Buckley*, 15 Wend. 327. In the latter case, which was an action for slander in charging the plaintiff with having burnt his own barn with intent to defraud an insurance company, the objection was taken that the declaration was bad for want of an averment that the barn was insured against fire; but the court held that such an averment was unnecessary, because the natural meaning and import of the words spoken imputed the crime of arson. So here. The words spoken directly impute to the plaintiff *Catharine* an attempt to procure a miscarriage of her daughter by administering pills, thus assuming that she had a daughter, and that the daughter was pregnant. There is, therefore, no reason for holding that the existence of a fact should be alleged which the slander itself assumes.

We think the demurrer to the complaint was properly overruled.

*By the Court.*—Order affirmed.