Mayer vs. Schleichter.

## MAYER VS. SCHLEICHTER.

SLANDER.    *What words actionable* per se.

1. In this state, open and gross lewdness and lascivious behavior in any man or woman, married or unmarried, is punishable by fine; and fornication by fine or imprisonment in the county jail. R. S., ch. 170, sec. 4; and ch. 183, sec. 3.

2. Words charging an unmarried woman with being "a whore" are therefore actionable *per se*.

APPEAL from the Circuit Court for *Jefferson* County.

Action for slander. The complaint charges the defendant with speaking the defamatory words in the German language, which, as translated, were: "You whore! you low whore! you have enticed Mayer from his first wife by whoring." No special damages were alleged. The defendant objected to the introduction of any evidence on the part of the plaintiff, upon the ground that the complaint did not state a cause of action, and the court sustained the objection and dismissed the complaint. The plaintiff appeals.

Mayer vs. Schleichter.

*Orton, Mulberger & Gardner*, for appellant :

1. Actionable words are such as impute a crime involving moral turpitude, and which is punishable by law. Heard on L. and S., sec. 24; 13 Johns., 124; 8 Mass., 284; 3 Searg. & R., 225; 7 id., 451. 2. The word " whore " is actionable, and imputes a crime. R. S., ch. 183, sec. 3; 8 Pick., 384; 3 Chand., 220; 17 Wis., 80; 23 Ga., 215; 20 Ill., 115; 6 Ohio, 516; 32 Pa. St., 95; 36 Me., 466; Morris (Iowa), 262; 3 Iowa, 277; 4 id., 323; 17 id., 292.

*M. B. Williams*, for respondent:

It is admitted that at the time the words are alleged to have been spoken, and at the commencement of this action, the plaintiff was unmarried. They can, therefore, charge her only with fornication, and are not actionable *per se.* Words which merely impute moral turpitude, or corrupt manners, are not actionable unless special damages are alleged. *K. v. H.*, 20 Wis., 239; 2 Johns., 115. No words are actionable *per se*, unless they impute a criminal offense, which, by law, subjects the offender to indictment, or to an ignominious punishment. 1 Starkie on Slander, 22, 23, 28, 30, 32, 36, 37, 39; *Onslow v. Horne*, 3 Wis., 177; *Ogden v. Turner*, 6 Mod., 104; 2 Salk., 696; Holt, 40; 1 Caines, 347; 1 Johns., 505; 2 id., 10; 2 Bibbs, 319; 3 Hill, 572; *Walmsley v. Russell*, 6 Mod., 200; *Mayne v. Digle*, 1 Freem., 46; *Purdy v. Stacy*, Burr., 2698. The same rule prevails, with few exceptions, in the courts of this country. *Brooker v. Coffin*, 5 Johns., 188; *Widrig v. Oyer, et ux.*, 13 id., 124; *Martin v. Stilwell*, 13 id., 275; *Burtch v. Nickerson*, 17 id., 218; *VanNess v. Hamilton*, 19 id., 367; *Case v. Buckley*, 15 Wend., 327; *Quinn v. O'Gara*, 2 E. D. Smith, 388; *Bissell v. Cornell*, 24 Wend., 354; *Young v. Miller*, 3 Hill, 21; *Chase v. Whitlock*, id., 139; *Crawford v. Wilson*, 4 Barb., 504; *Pike v. Van Wormer*, 5 How. Pr., 170; *Andreas & wife v. Koppenheafer*, 3 Searg. & R., 255; *Shaffer v. Kintzer*, 1 Bin., 542; *McClary v. Ross*, 5 id., 218; *Ludlum v. McCuen*, 1 Har., 12; 2 Conn., 707; 2 Bin., 34; 3 Searg. & R. 261; 2 Nott &

McCord, 204; *Elliot v. Alsbury*, 2 Bibb, 473; *Watson v. Hampton*, 2 Bibb, 319. The rule has never been definitely settled in this state, *Benaway v. Conyne*, 3 Chand., 214, being in effect overruled by *Montgomery v. Deeley*, 3 Wis., 709 ; and *Ranger v. Goodrich*, 17 id., 78, not directly deciding the point raised here. See *Wiel v. Altenhofen*, 26 Wis., 708.

Chap. 183, R. S., inflicts no greater punishment for fornication than for cruelty to animals or assault and battery, or other minor offenses.

Cole, J. The defamatory words spoken of the plaintiff — an unmarried woman — were alleged to be the following : "You whore ; you low whore ; you have enticed Mayer from his first wife by whoring." The question is : Are these words actionable *per se ?* This is hardly an open question in this state. In *Ranger v. Goodrich*, 17 Wis., 78, it was decided that to charge a married woman with being a " whore " was actionable, because the words necessarily imputed to the woman adultery, which by our statute is a crime involving moral turpitude and punishable by imprisonment in the state prison or by fine. Mr. Justice Paine remarks in that case, that there were cases which held that at common law it was not actionable to call an unmarried woman a " whore," but that this was where and when the act charged was not punishable by law. In this state, open and gross lewdness and lascivious behavior on the part of any man or woman, married or unmarried, and fornication, are punishable by fine, and the latter offense may be punished by imprisonment in the county jail. Section 4, chap. 170, and section 3, chap. 183, R. S. The words set forth in the complaint are then actionable *per se*, the general rule being that words which impute to another a crime involving moral turpitude, and which subjects the party committing it to a punishment by fine or imprisonment are actionable. In addition to the authorities cited in *Ranger v. Goodrich*, see *Beardsley v. Bridgman*, 17 Iowa, 290 ; *Kelley v. Dillon*, 5 Ind., 426 ; *Joralemon v. Pomeroy*, 2 Zab., 271 ; *Smith v. Silence*, 4 Iowa, 322 ; and *True v. Plumley*, 36 Maine, 466.

In this case, the defamatory words impute to the plaintiff a want of chastity, and charge her with an offense which, if true, renders her liable to punishment by imprisonment in the county jail. Such words, we think, are clearly actionable according to the doctrine of the Ranger case, without any allegation of special damage. The circuit court held the complaint defective in substance, and dismissed the action. It follows from our views that this was error.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.