## KLEWIN and another vs. BAUMAN.

*October 18 — November 3, 1881.*

SLANDER.   *(1) Actionable words.   (2) Evidence of actual malice.   (3) Punitory damages.*

1. Words accusing a married woman of being a prostitute are actionable *per se.*

2. In slander, evidence of a subsequent refusal to retract the slanderous words is admissible to show actual malice.

3. If the jury are satisfied by proper evidence that there was actual malice, they may allow *punitory* damages.

APPEAL from the Circuit Court for *Winnebago* County.

Slander.   The words alleged as slanderous charged the female plaintiff, a married woman, in effect with being a prostitute.   Defendant appealed from a judgment in favor of the plaintiffs.

For the appellant there was a brief by *Finch & Barber,* and oral argument by *Mr. Barber.*  ·

*M. H. Eaton,* for the respondents.

TAYLOR, J.   This is an action for slanderous words spoken and published by the appellant concerning the respondent *Dena Klewin,* wife . of the respondent *Andrew Klewin.* Upon the trial the jury returned a verdict in favor of the respondents for $50.   There is no dispute that the words spoken by appellant, if spoken as testified to by the witnesses for the respondents, were actionable *per se.   Ranger v. Goodrich,* 17 Wis., 78; *Benaway v. Conyne,* 3 Pin., 196 (3 Chand., 214); *Gibson v. Gibson,* 43 Wis., 23; *Mayer v. Schleichter,* 29 Wis., 646.   The appellant denied the speaking of the words as alleged in the complaint, and as testified to by the witness for the plaintiffs.   But, the jury having found in favor of the version of the alleged slanderous conversation as detailed by the witness for the plaintiffs, their verdict is conclusive upon that point.

The exceptions taken to the admissions of evidence on the part of the plaintiffs, we are inclined to think, are not well taken. The witness who testified to the utterance of the slanderous words, was asked the following question: "Did you hear the defendant, before the commencement of this suit, say anything in reference to his using this language?" The defendant objected to the question. The objection was overruled, and the witness answered: "He said, 'I admit I have used hard words, but I won't take back anything; I won't apologize.'" This evidence was, we think, admissible as tending to show actual malice on the part of the defendant. Starkie, in his work on slander, lays it down as a general rule that any words or acts of the defendant may be given in evidence to prove malice, though not actionable in themselves. Folkard's Starkie on Slander and Libel, 616, § 592. The evidence above given by the witness tended to show actual malice on the part of the defendant. He admitted that he had used hard words, but refused to take anything back or apologize. This evidence certainly tends to show a state of feeling on his part towards the plaintiffs indicative of actual malice. It is insisted that the slanderous words were spoken in the heat of passion, upon present provocation on the part of the plaintiff. The evidence which was objected to by the defendant was clearly competent as tending to disprove any such inference. For the same reason we think it was competent for the plaintiffs to show that before the action was commenced the defendant was called upon to retract the slanderous charge, and that he refused to retract.

The refusal to admit the falsity of the charge, and insisting upon its truth, when the defendant failed to prove the truth of the charge, was always considered an aggravation of the injury, under the old rules of pleading; and the admission of the falsity of the charge and apologizing for the wrong done was considered meritorious on the part of the defendant, and was received in mitigation of the damages. In England the

effect which the apology shall have upon the damages is regulated by statute. 6 and 7 Vict., c. 96; Folkard's Starkie on Slander and Libel, pp. 540, 541, §§ 499–501, and p. 708, §§ 708–10.

It is urged with great earnestness on the part of the learned counsel for the appellant, that it was error on the part of the trial judge to permit the jury to assess any punitory damages in this action. Upon that question the learned circuit judge instructed the jury as follows (after instructing them upon the subject of compensatory damages): "In addition to that, if you believe the words were spoken in malice—if you believe it from the evidence,—then you should assess such further sum as in your judgment is a proper one by way of punishment to the defendant, and by way of example to deter others from like conduct in the future." This court has so often approved of instructions of this kind in actions of tort, where the evidence shows the defendant acted maliciously, that it is unnecessary to cite the authorities. The learned counsel for the appellant does not dispute the propriety of such an instruction in a case where the evidence discloses actual malice on the part of the defendant; but he insists that in this case there was no evidence tending to show actual malice. We think, with the learned judge who tried the cause, that the question of actual malice was one for the jury, under the evidence, and the instruction was therefore properly given. The smallness of the verdict is very conclusive evidence that the defendant was not prejudiced by the instruction.

After carefully reading the instructions given to the jury upon the trial, we are clearly of the opinion that they contain nothing which the learned judge was not authorized to give them under the evidence in the case. The case was very fairly submitted to the jury, and we are unable to find any errors therein which could have prejudiced the appellant.

*By the Court.*— The judgment of the circuit court is affirmed.