GEARY vs. BENNETT.

*November 5 — November 22, 1881.*

SLANDER.    *Words actionable* per se.

1. The statute (sec. 4607, R. S.) makes it an offense punishable with fine and imprisonment in the county jail, to knowingly furnish watered milk to any factory, to be manufactured into butter; and words charging a person with such an offense are for that reason actionable *per se.*
2. The words, " A.'s milk is watered, and the watering of his milk *by him* when brought to the factory, is a loss to me," etc., charge A. with *knowingly* watering his milk.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is thus stated by Mr. Justice TAYLOR:

" This is an action for verbal slander. The complaint alleges that the defendant falsely and maliciously, in the presence and hearing of divers good and worthy citizens, spoke and published of and concerning the plaintiff, and of and concerning his business, the following false, scandalous, malicious and defamatory words, viz.: ' There is foreign substance in your milk, similar to water, and it is water. The amount of water in your milk is one-eighth or one-tenth;' that at another time the appellant spoke to one Edward Dolan, a citizen and neighbor of the said plaintiff, the following false, malicious and scandalous words: ' His [meaning plaintiff's] milk is watered, and that the watering of his [plaintiff's] milk by him [plaintiff] when brought to the factory was a loss to him [defendant] of 75 cents per day by reason of the water added;' that at another time the appellant spoke to one J. D. Walters, a good and worthy citizen, the following false, malicious and defamatory words, viz: ' *Geary's* [the plaintiff meaning] milk is watered.' The complaint further shows that the plaintiff was a farmer, and, among other things, was in the habit of furnishing daily large quantities of milk to a certain butter or cheese factory in the town of Oakfield, operated and man-

aged by the defendant and others, and that the alleged slanderous words were spoken of the plaintiff and of the milk so furnished by him to said factory, The defendant demurred to the complaint for the reason that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant appeals from the order."

·*Geo. E. Sutherland*, for the appellant.

For the respondent there was a brief by *Conklin & Duffy*, his attorneys, with *P. H. Martin*, of counsel, and oral argument by *Mr. Duffy*.

TAYLOR, J. The learned counsel for the appellant insists that the words spoken are not actionable *per se*, because they do not charge the respondent with the commission of any offense involving moral turpitude, and for which, if convicted, he could be subjected to an infamous punishment. Section 4607, R. S., provides: " Any person who shall knowingly sell, furnish, supply, or bring to be manufactured, to any butter or cheese factory, or to any person, to be used in the manufacture of butter or cheese, or to be used in any other manner, any milk drawn from a cow not in a proper condition of health, or too near, either before or after, the time of calving, or any milk which is adulterated by any deleterious or contaminated by any filthy substance, or any milk which has been skimmed or with the strippings left out of it, or that has been diluted with water or colored by any substance, or which has become filthy by careless milking or handling, or tainted or partly sour for want of proper care in keeping pails, strainers or any vessels in which said milk is kept clean and sweet, after notice of such taint or carelessness, or failure to keep vessels, pails and strainers clean and sweet, shall be punished by imprisonment in the county jail not more than thirty days, or by fine not exceeding $100."

It will be seen that this statute makes it an offense punishable by fine or imprisonment in the county jail to knowingly

furnish watered milk to any factory to be manufactured into cheese or butter. The offense defined in this section is clearly one involving moral turpitude, and is punishable by an infamous punishment, within the meaning of the rule above stated. This court has repeatedly held that to charge a person with an offense punishable in like manner as above stated, is slanderous, and actionable *per se*. *Mayer v. Schleichter*, 29 Wis., 646; *Ranger v. Goodrich*, 17 Wis., 78; *Filber v. Dautermann*, 26 Wis., 518; *Montgomery v. Deeley*, 3 Wis., 709; *Gibson v. Gibson*, 43 Wis., 23.

It is insisted by the learned counsel for the appellant, that the words spoken do not charge the respondent with having *knowingly furnished* watered milk to the appellant's factory to be manufactured into cheese or butter, and so do not charge him with the offense described and punished by the section above quoted. It is undoubtedly true that no person could be convicted under said section without proof that he knew the milk furnished the factory for use was watered; and so, to make the words charging this offense actionable, they must charge that he knowingly furnished watered milk. The words spoken need not charge in the language of the statute that he knowingly furnished watered milk, but they must be such words as clearly imply that he knowingly did the act. They must be such as would be understood, by those hearing them uttered, to charge the respondent with knowingly furnishing watered milk.

It seems to us very clear that the words set out in the complaint as spoken to one Edward Dolan would be understood by those hearing them as charging the respondent with furnishing to the factory milk which he knew to be watered. The charge is, that "plaintiff's milk is watered, and that the watering of his milk by him [that is, by the plaintiff himself], when brought to the factory, was a loss to the defendant," etc. We are clearly of the opinion that any one hearing this charge would understand it to mean that the respondent knew that

his milk was watered by him when he brought it to the factory. It is charged that the watering of the milk by the respondent himself, when brought to the factory, was a damage to the appellant. We fail to see how the idea that he watered the milk himself is eliminated from the sentence, because the speaker also conveys another idea, viz., that the bringing of the watered milk was a damage to him, any more than the idea of the charge of theft would be eliminated from a sentence which charged that the respondent had sold appellant a horse which respondent had stolen, and in consequence the appellant had lost the value of the horse. If the appellant simply intended to convey the idea that the respondent had injured him by selling him a stolen horse, he could convey it without the addition of the words charging the theft on the respondent. The insertion of the words charging the theft upon the respondent are entirely unnecessary to convey the idea of the loss by reason of the respondent having sold him a stolen horse. So, in the words set out in the complaint, if the appellant simply intended to convey the idea that he had suffered a loss by reason of the respondent having brought watered milk to his factory, it was wholly unnecessary to add that the milk was watered by the respondent himself. The addition of these words clearly characterizes the act of the respondent as knowingly furnishing watered milk.

The rule as to the construction of the language used in cases of this kind was properly stated by this court in *Montgomery v. Deeley*, 3 Wis., 709, viz.: "The words complained of are to be taken in the sense which is most obvious and natural, and in which those to whom they were spoken were most apt to understand them." The words above quoted, charged in the complaint, tested by this rule, are clearly actionable *per se*. They in fact charge the respondent with an offense involving moral turpitude, and punishable by fine or imprisonment.

The complaint having set out words charging the respondent with a crime, as above stated, it is unnecessary to discuss

the question whether the words are also actionable as charging the respondent with acts injurious to him in his occupation, trade or business.

*By the Court.*— The judgment of the circuit court is affirmed, and the cause remanded for further proceedings according to law.