M'GLEMERY
v.
KELLER.

M'GLEMERY *v.* KELLER.

In malicious prosecution, one of the counts stated that the defendant falsely, &c. charged the plaintiff with perjury, and, on such charge, falsely and maliciously procured him to be arrested and imprisoned for, &c., and at the expiration, &c. the plaintiff was duly acquitted. *Held,* that this was a count in malicious prosecution and not in trespass.

In an action of slander for charging the plaintiff with committing perjury on a certain trial,—a plea that the charge is true, is not supported by proof that the plaintiff had sworn false on the trial, as to an immaterial point.

Actionable words laid in a declaration in slander, spoken after the commencement of the suit, cannot be proved in aggravation of damages.

*Monday,*
*December 8.*

ERROR to the *Parke* Circuit Court.

BLACKFORD, J.—This is an action on the case brought by *Keller* against *M'Glemery.* There are several counts in the declaration; some of them for malicious prosecution and some for slander. The plaintiff, in the counts for malicious prosecution, complains that the defendant, maliciously and without probable cause, caused him to be arrested by legal process on a charge of perjury. In the counts for slander, the words alleged to have been spoken are, that the plaintiff had, in a certain suit in this state, committed perjury; and that he was forsworn in *Tennessee* (1). The defendant pleaded the general issue to the whole declaration, and he also pleaded in justification to the counts in slander, that the words were true. To the general issue, the plaintiff added the *similiter;* and to the plea in justification, he replied *de injuria sua propria.* The cause was tried, and a verdict and judgment were rendered in favour of the plaintiff for 275 dollars.

The first objection made by the plaintiff in error, who was the defendant below, is, that one of the counts is in trespass, whilst all the others are in case. The count said to be in trespass states, that the defendant further contriving, &c. falsely and maliciously and without any reasonable or probable cause, charged the plaintiff with having committed perjury, and upon such last-mentioned charge, the defendant, on, &c., at, &c. falsely and maliciously procured the plaintiff to be arrested and imprisoned for, &c., and at the expiration, &c. the plaintiff was duly acquitted. This count is copied from a form in 2 Chitt. Pl. 610. The count may be objectionable on demurrer, on

account of the generality of its terms; but it cannot be considered a count in trespass. There is not, therefore, any misjoinder.

It is also objected, that the Court refused to instruct the jury,—that if the plaintiff swore false on the trial in question, though on an immaterial point, he could not recover. There is no error in this refusal. · The defendant had charged the plaintiff with perjury, and had pleaded in justification that the charge was true. To support his plea, he was bound to show that the plaintiff had sworn false on the trial, to a matter material to the issue. If the matter sworn to was immaterial, there was no perjury, and the defendant's charge was without foundation. *Crookshank* v. *Gray*, 20 Johns. R. 344.

Another objection made to the proceedings is, that actionable words. laid in the declaration, spoken long after the commencement of the suit, were admitted in evidence, although they were objected to by the defendant; the Court saying, *in the hearing of the jury*, that the evidence was admissible in aggravation of damages. This evidence was certainly. inadmissible for the purpose of aggravating the damages. The plaintiff could not, in this action, recover damages for words spoken after the commencement of the suit. Actionable words so spoken, have been sometimes admitted to show, that the words for which the suit was brought had been *maliciously* spoken, but they have never been received to increase the damages. 1 Campb. R. 49.—*Macleod* v. *Wakley*, 3 Carr. & Payne, 311.—2 Stark. on Ev. 869.—*Thomas* v. *Croswell*, 7 Johns. R. 264. The record in the present case shows, that the Court said in the hearing of the jury, that the evidence objected to was admissible *in aggravation of damages*. The jury may have been misled, in their estimate of the damages, by the expression of this erroneous opinion of the Court; and the judgment for the plaintiff below must, therefore, be reversed.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*I. Naylor*, for the plaintiff.
*A. S. White* and *D. Wallace*, for the defendant.

(1) "The accusation of felony before the magistrate, or in any other course of legal proceeding, cannot be treated as *libellous*, 1 Saund. 132, n. 1; but if the defendant, at any other time, accuse the plaintiff of the felony, counts may be added for the words, 1 Saund. 133." 2 Chitt. Pl. 6th Amer. ed. 611, note.