## SCHOONOVER *v.* ROWE.

In slander the jury cannot, *in assessing the damages*, take into consideration evidence of the defendant's having spoken, since the commencement of the suit, the same words as those laid in the declaration.

ERROR to the *La Grange* Circuit Court.

SULLIVAN, J.—Slander by *Rowe* against *Schoonover*. The defendant pleaded the general issue and two special pleas. As no question arises on the special pleas, it is not necessary to state them particularly. Verdict and judgment for the plaintiff.

On the trial, the plaintiff proved the speaking of the words as laid in the declaration;—he also proved the speaking of the same words after the commencement of the suit.

The Court instructed the jury, that they had a right to not only infer malice from the words spoken since the commencement of the suit, but that they had a right, and it was their duty, to take the last-mentioned words into consideration in assessing the damages, if they found the defendant guilty. To that instruction, with others which were not objectionable, the defendant excepted.

The instruction was erroneous. Admitting that proof of words spoken since the commencement of the suit, may be received to show the malice with which the words laid in the declaration were spoken, the jury cannot consider them in assessing the damages. The damages must be for the words for which the suit is brought. This point was substantially decided in the cases of *M'Glemery* v. *Keller*, 3 Blackf. 488, and *Throgmorton* v. *Davis et ux.* 4 *id.* 174.(1.)

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*H. Cooper*, for the plaintiff.

*J. B. Howe*, for the defendant.

(1) The following is a late *English* case on the subject. Suit for a libel contained in a letter addressed by the defendant to a third person. Plea, not guilty. On the trial, the plaintiff, after proving the libel charged, offered in evidence two letters written after the commencement of the suit containing, in substance, a repetition of the libellous matter for which the action was brought. These letters were received at *nisi prius*, on the ground that they would show the *animus* of the defendant in writing the libel in question. On a motion for a new trial, the question whether the letters were properly received, was very fully discussed, and decided in the affirmative. The language of the Court is, *inter alia*, as follows: "And this appears to us to be the correct rule, viz., that either party may, with a view to the damages, give evidence to prove or disprove the existence of a malicious motive in the mind of the publisher of defamatory matter ; but that, if the evidence given for that purpose establishes another cause of action, the jury should be cautioned against giving any damages in respect of it. And, if such evidence is offered merely for the purpose of obtaining damages for such subsequent injury, it will be properly rejected." New trial refused. *Pearson* v. *Lemaitre*, 5 Mann. & Grang. 700. See, also, *Forbes* v. *Myers*, *May* term, 1846.