## FORBES *v.* MYERS.

In slander, evidence that the defendant, after having spoken the words laid, had repeated them at various times, is inadmissible in aggravation of damages.

*Monday, June 1.*

APPEAL from the *Union* Circuit Court.

BLACKFORD, J.—*Myers* brought an action of slander against *Forbes*, alleging in the declaration that the defendant had charged him with having committed robbery and theft. Pleas, not guilty and the statute of limitations. On the trial, the Court instructed the jury that "if the defendant repeated the charges at various times, it *would be* a circumstance the jury might take into consideration as proof of malice and aggravation of damages." Verdict and judgment for the plaintiff.

We think this instruction is wrong. If the defendant, after making the charges alleged in the declaration, repeated them, he was liable to a separate action for each repetition of the slander. The effect, therefore, of permitting a repetition of the slander to be proved in a suit for the previous speak-

ing of the words, to aggravate the damages, would be to ena- <span>May Term, 1846.</span> ble the plaintiff to recover more than once for the same cause of action. The speaking of the same words laid in the de- <span>WAYNICK</span> claration subsequently to the bringing of the action, may be <span>v. CONNELLY.</span> proved to show malice in fact, but not to aggravate the damages. *Barwell* v. *Adkins*, 1 Mann. & Granger, 807 (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Reid* and *C. H. Test*, for the appellant.

*J. B. Sleith* and *J. Ryman*, for the appellee.

(1) *See Schoonover* v. *Rowe*, 7 Blackf. 202, and note.