SCHRIMPER *et ux.* v. HEILMAN.

24 505
94 600

1. **New trial:** CONFLICTING EVIDENCE. This court will not disturb the action of the District Court, in overruling a motion for a new trial, where the evidence is merely conflicting.

2. **Slander:** WORDS SPOKEN AFTER SUIT COMMENCED. In an action for slander it may be shown, for the purpose of proving malice, that the defendant after the institution of the suit, spoke the same words uttered before, and in which the slander consists.

3. **New trial:** VARIANCE: WHEN OBJECTION MUST BE MADE. The Supreme Court will not interfere with the ruling of the court below, in overruling a motion for a new trial based upon a variance between the proof and allegations, when it does not appear, that the evidence when offered was objected to, nor that any instruction was asked calling attention to the variance, and it is not specifically referred to in the motion for a new trial.

*Appeal from Linn District Court.*

WEDNESDAY, MAY 13.

SLANDER.—The petition charges, that defendant on, etc., in the presence and hearing of, etc., in a conversation had with, etc., of and concerning the petitioner, spoke and published of, etc., the following false, etc. Answer in denial, trial and verdict for plaintiff. Motion for new trial overruled, and defendant appeals.

*J. M. Preston & Son* for the appellant.

*Thompson & Davis* for the appellees.

WRIGHT, J. — Appellant complains of the action of the court below in overruling his motion for a new trial. This was based upon three grounds: First, that the verdict was against law and evidence; second, that the jury misunderstood the instructions; third, that the evidence did not support the allegations of the petition.

Schrimper *et ux.* v. Heilman.

I. The words charged are actionable. This is not denied. That they were spoken, is clearly shown by the testimony of one of the plaintiffs. Defendant and his wife testified, that the words were not spoken, nor any similar language used. The verdict was in the small sum of seventy-five dollars. In this state of the testimony we will not interfere with the verdict. The case is not unlike *Brockman* v. *Berryhill*, 16 Iowa, 183. There the case went to the jury on the testimony of plaintiff and defendant alone. As to the circumstances attending the alleged assault and battery, their statements were very conflicting. Witnesses were introduced to impeach plaintiff, others to corroborate, verdict for plaintiff, and in this court it was not disturbed.

*1. NEW TRIAL: conflicting evidence.*

II. None of the instructions are before us. As to these, then, we do not understand there was any complaint on the trial below. For the purpose of proving malice, a witness was introduced who testified, that defendant spoke to him the same words after the institution of this suit. Two of the jurors made oath, that they considered this evidence in connection with that offered of the original speaking, and that if there had been no evidence of the second speaking, they would not have agreed to the verdict.

*2. SLANDER: words spoken after suit commenced.*

We see nothing in this to show that the jury misunderstood the instructions. That it was their duty to consider the evidence of the second speaking is not denied. We, of course, presume that the instructions properly explained to them the effect of such testimony, and that they must find that the words were actually spoken as charged, before the action was commenced. This, indeed, is conceded in argument. If so, then why not consider the evidence just as these jurors say they did? And why, if they had failed to do so, would they not have been guilty of neglect of duty? Not only so, but in view

Schrimper *et ux.* v. Heilman.

of what was said in *Davenport* v. *Cummings* (15 Iowa, 219), the affidavits, even if given all the weight claimed for them by the defendant, would not be sufficient to justify interference on the second ground made in the motion for a new trial.

III. The petition charges, that the words were spoken of and concerning plaintiff, and the proof is, that they were spoken *to her.* Under the third ground of the motion it is claimed, that in this there was a fatal variance between the proof and the allegation. There was no objection to the testimony when offered. No instruction was asked, as far as we know, calling attention to this alleged variance. The motion for a new trial does not even refer to it specifically, it being general that the evidence did not support the allegations of the petition.

3. NEW TRIAL: variance: when objection must be made.

Now, conceding that the old rule was as defendant claims, we think under our practice and the circumstances of this case, that this point cannot be sustained. Nothing is clearer than that, under our system of pleading and practice, a case should be so tried as to prevent surprise, and that objections should be made at such times as that the corrective may be applied. This is the undoubted teaching of case after case in this court.

Equally true is the proposition that an objection should be plainly made and not stated generally. Now, if in this case, the testimony had been objected to, plaintiffs could have amended their petition, and thus obviated the difficulty. So, if the variance had been called to the attention of the court in the instructions, plaintiffs might have deemed it necessary to take such a course as to obviate the objection. Made, however, so far as we know specifically for the first time, in this court, we are not disposed, upon this ground, to interfere with the verdict and judgment. . . . . . . . . . . Affirmed.