## Musselman *v.* Manly.

DAMAGES.—A plaintiff in an action based on a contract can only recover for such sum as may have been due at the time the action was brought; and in an action founded in tort, for such damages as had accrued at the commencement of the action.

PLEADING.—*Defence.*—A defendant cannot set up a defence that did not exist at the commencement of the action.

SAME.—*Supplemental Complaint.*—A supplemental complaint is not a substitute for the original complaint; it is a further complaint and assumes that the original complaint is to stand. It must consist of facts which have arisen since the filing of the original complaint.

SAME.—*Practice.—Supplemental Complaint.*—A supplemental complaint may be filed after answer, but whether filed before or after, it must be by motion and leave of court; and it must appear on its face that it is supplemental and relates to matters which have accrued subsequent to the commencement of the action.

Musselman *v.* Manly.

SAME.—*Amendment of Complaint.*—Matters which occurred prior to the filing of a complaint must be brought into the suit by amendment.

EVIDENCE.—Evidence tending to prove matters that occurred subsequent to the filing of the complaint should be excluded.

CITY.—*Obstructing Alley.*—If dirt is dug up and removed from an alley in a city, thus rendering the alley impassable and causing injury to adjoining property, and no order or ordinance of the city has authorized the same, and it is not done under a contract with the city, an action by an adjoining property owner will lie, for damages sustained by reason of such removal.

APPEAL from the Cass Common Pleas.

BUSKIRK, J.—This was an action by the appellant against the appellee, to recover damages for removing earth from an alley adjoining the property of appellant. The complaint was in three paragraphs. Omitting surplus and immaterial averments, and an immense amount of useless and disconnected verbiage, it is alleged in each paragraph of the complaint, that the defendant about the month of September, 1868, did cut, excavate, and remove dirt and gravel out of a certain alley running between the premises of the plaintiff and the property of another, and thereby rendering the alley impassable, and preventing ingress and egress to and from the plaintiff's property bordering on said alley, all of which acts were done without the licence or consent of the plaintiff, and to his damage in the sum of twenty-five hundred dollars.

The defendant answered in two paragraphs:

The first was the general denial.

The second admitted the removal of a part of the earth and gravel complained of, but averred that it was done by virtue of a contract with an adjoining property holder, and in pursuance of a city ordinance, and authority from the street committee of the city of Logansport. It was not averred that it was done in pursuance of a contract with the city. There was a reply in denial.

The cause was, by the agreement of the parties, submitted to the court for trial, and resulted in a finding for the defendant.

The court overruled the plaintiff's motion for a new trial and rendered judgment on the finding.

The only valid assignment of error is based upon the action of the court in overruling the motion for a new trial, all the others being repetitions of the reasons for a new trial.

The counsel for appellant, in his brief, only relies upon two reasons for a new trial. The first is the exclusion of certain evidence, and is stated as follows in the bill of exceptions: "The said plaintiff, in support of the issues in his behalf, offered to prove by each of said witnesses certain facts, to wit, that earth was removed from said alley by the defendant subsequent to the filing of the original complaint, and prior to the filing of the amended and supplemental complaint; and that objections were made by the defendant, and objections sustained by the court; to which objection, at the time, plaintiff excepted. To the sustaining of said objection and the refusal to admit the same, plaintiff then and there excepted."

It is insisted by counsel for appellant, that the excluded evidence was admissible upon the ground that he had filed a supplemental complaint, which was in the nature of the old plea of *puis darrein continuance.*

The original complaint was filed on the 23d day of October, 1868, and consisted of two paragraphs. On the 27th day of September, 1869, there was filed what was called a supplemental amended complaint, which consisted of three paragraphs. On the 1st day of October, 1869, a demurrer was sustained to the second and third paragraphs, but no ruling was made as to the first. Thereupon the plaintiff filed an amended complaint in three paragraphs. In the first two complaints it was charged that the defendant did, on or about the —— day of September, 1868, dig, excavate, and remove dirt and gravel, etc. In the last complaint there is added, after the figures 1868, the words "and at subsequent and divers days thereafter." These words are claimed to be supplemental, and to entitle the plaintiff to prove and recover

damages which accrued subsequent to the bringing of the action.

It is the general rule that the plaintiff, in an action based on contract, can only recover for such sum as may be due at the time the action is brought; and in an action founded in tort, for such damages as had accrued at the commencement of the action. *Maxwell* v. *Boyne*, 36 Ind. 120

Nor can a defendant set up a defence that did not exist at the commencement of the action. *Carr* v. *Ellis*, 37 Ind. 465.

It is, however, provided by section 102, of the code, that, "the court may on motion allow supplemental pleadings, showing facts which occurred after the former pleadings were filed." 2 G. & H. 123.

A supplemental complaint is not, like an amended complaint, a substitute for the original complaint, by which the former complaint is superseded; but it is a further complaint and assumes that the original complaint is to stand. A supplemental complaint must consist of facts which had arisen since the filing of the original complaint. It may be filed after answer; but whether filed before or after answer, it must be filed on motion and by leave of the court, and must show upon its face that it is supplemental and relates to matters which had occurred subsequent to the commencement of the action. Matters which occurred prior to the filing of the original complaint, and not stated therein, should be brought into the suit by amendment. Matters which occurred since the filing of the complaint should be brought in by supplemental complaint. If the defendant has answered the original complaint, he may answer the supplemental complaint, but he cannot make any further answer to the original complaint except by special permission of the court. *Dann* v. *Baker*, 12 How. Pr. 521; Van Santvoord Pl.; *Burke* v. *Smith*, 15 Ill. 158.

In our opinion, the last complaint cannot be regarded as a supplemental complaint, but was a substitute for the one to which a demurrer was sustained. The demurrer having been

sustained to the second complaint, it was no longer a paper in the cause, and as it is essential to a supplemental complaint that the original complaint should stand, the last complaint cannot be a supplemental one, because there was no original complaint to which it could be supplemental.

It results that as the plaintiff's right to recover was limited to such damages as had accrued at the commencement of the action, the court committed no error in excluding the offered evidence.

It is next claimed that the court erred in overruling the motion for a new trial, because the finding of the court was not sustained by, but was contrary to, the evidence.

It is abundantly established by the evidence and admitted in the answer, that the defendant dug up and removed the dirt and gravel from the alley adjoining the property of the plaintiff; that the alley was rendered impassable and the property of the plaintiff seriously injured, but there was no evidence to justify these acts. It was not shown that there was an order or ordinance of the city for the improvement of this alley. There was no contract with the city for doing the work. There was no advertisement for proposals to do the work. Nor was it proved, as was alleged in the answer, that the street committee of said city had given the defendant an order to cut down such alley. A copy of an order signed by such street committee was filed with the answer, but it was not introduced in evidence, or if it was, it is not in the bill of exceptions embodying the evidence. One of the street committeemen testified that such committee gave the defendant permission to cut down the alley after a part of it had been cut down, and that the paper was issued to relieve Manly from a suit commenced by Musselman. It is not necessary to decide, and we do not decide, what power the street committee would have to permit or authorize the cutting down of a street or alley, in the absence of an order and contract on the part of the city for doing such work.

Nor was the defendant authorized by his contract with Mrs. Vigus to cut down the alley, for she testified as fol-

lows: " I told Manly he could do as the city required, noth-ing more, nothing less."

We are unable to see any legal excuse or justification for the conduct of the defendant. The case comes clearly within the rule laid down in the case of *The City of Delphi* v. *Evans*, 36 Ind. 90.

It was said in that case, that "there was no order made for making the improvement. There was no advertisement for proposals for doing the work. There was no written con-tract. It necessarily and unavoidably results that the city cannot be protected from liability on the ground that it was a proceeding under the charter. It was acting in violation of law. It was a trespasser, and is liable for its acts as such." See *McEwen* v. *Gilker*, 38 Ind. 233; *Moberry* v. *The City of Jeffersonville*, 38 Ind. 198.

It is very manifest to us that the finding was not justified by the evidence. This is not a case of conflict of evidence, but there is an entire absence of evidence to show any legal excuse or justification for the acts of the defendant, which were clearly proved, and for this the judgment must be reversed.

The pleadings are in a confused and jumbled-up condition. The entire record is terrible bad—we believe the worst of all the bad records that are sent up to this court. The parties should have leave to amend their pleadings.

The judgment is reversed, with costs, and the cause remanded for a new trial.*

*D. C. Justice*, for appellant.

*T. C. Annabal*, for appellee.

*Petition for a rehearing overruled.