HINKLE ET AL. V. DAVENPORT ET AL.

| 38 | 355 |
| 83 | 745 |
| 38 | 355 |
| 94 | 600 |
| 38 | 355 |
| 106 | 331 |
| 38 | 355 |
| f132 | 293 |
| 38 | 355 |
| 139 | 748 |

1. **Practice**: SUGGESTION BY THE COURT. It is not error for the court,
   during the progress of a trial, to suggest his views upon a point involved
   in the case, and ask an expression of counsel respecting it, even though
   the point has not been previously touched by pleadings or motion.

2. ———: AMENDMENT: PARTIES. Amendment may be made during
   trial by striking out the name of a party plaintiff.

3. **Action**: JOINDER OF PARTIES: SLANDER. A joint action for slander
   cannot be maintained. If the same slanderous words be at the same
   time spoken of several parties, each must seek a separate remedy.

4. **Practice**: PARTIES: WHEN THE JURY NEED NOT BE RE-SWORN. Upon
   the filing of a substituted petition after striking out the name of a party
   plaintiff, the jury need not be re-sworn. *Semble*, even if the issue is
   enlarged.

5. **Slander**: REPUBLICATION: EVIDENCE. Proof of the repetition of slan-
   derous statements after the commencement of the action is compe-
   tent to show the *quo animo* with which they were first uttered.

6. ———: ———: INSTRUCTION: DAMAGES.   The republication cannot be made the basis of damages, and an instruction to this effect was *held* not to be error.

7. ———: INSTRUCTION: JUSTIFICATION: MITIGATION.   Proof that the defendant repeated but did not originate, the alleged slander, does not amount to a justification, but may be considered in mitigation of damages; and an instruction to the effect that "no one may keep a slanderous report afloat," is not erroneous as assuming that the defendant had done so.

*Appeal from Mahaska District Court.*

WEDNESDAY, JUNE 8.

ON the 3d day of September, 1872, the plaintiffs, who are unmarried women, commenced an action against the defendants, who are husband and wife, claiming of them five thousand dollars on account of certain slanderous words spoken by each of the defendants, at different times and places, imputing to the plaintiffs a want of chastity.

The defendants answered denying the allegations of the petition, and stating in mitigation of damages, that they merely repeated what had been told them, and that they did so without any malice.

On the 18th day of February, 1873, and before the cause came on for trial, plaintiffs dismissed their action as to Rachel Davenport.

On the 23d day of August, 1873, the cause came on for trial before a jury.   After all the evidence had been submitted, and before the defendant concluded his argument, counsel for the plaintiffs dismissed so much of the claim as was sued for by M. A. Hinkle, leaving the cause of action as to M. E. Hinkle still pending, and filed a substituted petition, claiming on behalf of the plaintiff, M. E. Hinkle, against H. W. Davenport, five thousand dollars, on account of the speaking of the same slanderous words set forth in the original petition.   Verdict and judgment for plaintiff for two thousand dollars.   Defendant appeals.

*Seevers & Cutts,* for appellant.

*Lacey, Crookham & Gleason,* for appellee.

DAY, J.—I. During the trial no suggestion was made by appellant by motion assailing the pleadings, objection to evidence, argument to the jury, or in any other way, that the action could not be maintained in the form in which it was originally commenced. Indeed defendant's counsel seem carefully to have avoided raising any question which might create a doubt in the minds of counsel for plaintiff of the propriety of uniting two parties plaintiff in an action for slander.

Upon the adjournment of the court for the day, and whilst defendant's argument to the jury was in progress, the court stated in substance that unless otherwise advised as to the law, he should instruct the jury that plaintiffs have not set out in their petition, nor proved a joint cause of action, but that, if they have proved the speaking of the words, each has the right to recover such damage as she has sustained. The court, in substance, further stated that he preferred to have some expression of counsel as to the law which should govern the case.

Counsel for appellant claim that in making these suggestions the court went beyond his legitimate province. They attribute no wrong intent to the court, " but say the practical effect of it was to advise the plaintiffs of the gross mistake made in the commencement of the action.".

We, however, consider the action of the court not only right but commendable. Because of the manner in which the action had been commenced and tried, a novel and difficult question of practice was involved. Plaintiff's counsel seem not to have discovered the fact that it existed, and defendant's counsel avoided any allusion to it, doubtless intending, if verdict should go against defendant, to move in arrest of judgment, under the doctrine declared in *Rhoads v. Booth*, 14 Iowa, 575.

It was the duty of the court to instruct the jury upon all the legal questions involved in the case, and he had a right

1. PRACTICE: to be aided by the investigations of counsel. It
suggestion
by court.     was therefore eminently proper that he should
suggest a question of law, upon which he had doubt, and

respecting which he desired to hear counsel, before defendant's counsel closed, and under circumstances that gave both parties an opportunity of examining it. And what if the effect was to induce plaintiff's counsel to believe they had made a mistake? If the argument had closed without any suggestion, and the court had instructed the jury as he declared his intention of doing, the effect would have been the same.

The law allows a party to avail himself of the mistakes of his opponent, but neither law nor morals allows him to complain because mistakes are discovered.

II. Upon the opening of court on the morning after the occurrences set forth above, plaintiffs counsel dismissed so much of the claim as was sued for by M. A. Hinkle, and filed a substituted petition claiming on behalf of M. E. Hinkle alone, five thousand dollars, on account of the speaking of the words set forth in the original petition.

This proceeding appellant assigns as error. It is claimed that it is not authorized by any provision of the statute.

A joint action for slander cannot be maintained. If the same slanderous words be at the same time spoken respecting several persons, they furnish each a ground for a separate action, but they have no community of interest, and they cannot sue together.

Section 2844 of the Revision provides that causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, provided that they be by the same party * * * * * * may be joined in the same petition.

In this case, causes of action in favor of two distinct parties were united in the same petition, to-wit: A cause of action in favor of M. A. Hinkle for slanderous words spoken by the defendant, and a cause of action in favor of M. E. Hinkle for the same slanderous words. Neither party had any interest in the cause of action of the other; one might have been entitled to heavy damages, and the other to none. In the action as originally brought there was a failure to comply with the provisions of § 2844, in that the causes of action were not in favor of the same party. It is claimed by appellant, not in words but in effect that this mistake is irremediable.

Under our system of procedure, to permit an amendment is the rule, to refuse it, the exception.

Section 2977 of the Revision provides that "the court may on motion of either party, at any time, in furtherance of jus-
2. ———: tice, and on such terms as may be proper, permit
amendment: such party to amend any pleadings or proceedings
parties. by adding or striking out the name of any party. * * *
* * * * * * And whenever any proceeding taken by a party fails, in any respect to conform to the provisions of this Code, it may permit an amendment of such proceeding so as to make it conformable thereto."

It would seem that any reasonable interpretation of the first clause above quoted, which permits a party to amend any pleading by striking out the name of any party, would justify the amendment here made, which consisted in striking out the name of M. A. Hinkle. But if by any refinement of reasoning it could be established that this clause does not cover the case, it clearly comes within the last clause of the section, which authorizes an amendment whenever any proceeding taken by a party fails in any respect to conform to the provisions of the code.

We are clearly of the opinion that there was no error in permitting this amendment.

III. After the substituted petition was filed, the jury were not re-sworn. In this, appellant insists, there was error.

The jury were sworn "to well and truly try the cause submitted to them, wherein M. E. Hinkle and M. A. Hinkle are plaintiffs, and H. W. Davenport defendant, and a true verdict give according to the law and evidence given them in court." We have already seen that the petition contained two distinct causes. One in favor of M. A. Hinkle, and one in favor of M. E. Hinkle.

The issue presented was whether the defendant spoke concerning them certain slanderous words. Words spoken against both would of necessity be spoken against each. The form of oath included an inquiry whether slanderous words were spoken respecting the plaintiffs respectively.

After the cause was dismissed as to M. A. Hinkle, a part of the inquiry, included within the original inquiry, remained, to-wit: did defendant speak the words concerning M. E. Hinkle. It cannot, we think, with any reasonableness be claimed that the jury were not sworn to determine this issue. The question which the jury finally determined was narrowed, not broadened. It was not something additional to what they were originally sworn to try, but something included within it. If, however, the issue had been enlarged, it would not, it seems to us have been necessary to have the jury re-sworn. In *Williams v. Miller*, which overrules *Swan v. Cole*, 4 G. Greene, 32, it is said: "We do not understand that the jury are sworn to try the issue as already made between the parties, but to try the issue, whatever it may be, when the cause is fully submitted to them."

*4. PRACTICE: jury need not be re-sworn.*

In *Arnold v. Arnold*, 20 Iowa, 274, after the plaintiff had rested his case, an amendment was filed setting up the statute of limitations, and the jury were not re-sworn, the record not showing that any request was made that they should be, and it was held that the plaintiff had no cause of complaint.

This is a direct authority in support of the action of the court below, for the record in this case does not show that any request was made that the jury should be re-sworn.

This rule seems to us just and reasonable notwithstanding the decisions in Indiana, where a different rule seems to prevail.

IV. The substance of the charges in the petition and of the proof is, that defendant said the Hinkle girls were keeping a house of ill-fame.

The bill of exceptions recites that "the plaintiffs, to maintain the issue on their part, offered as a witness one Gatewood, for the purpose of proving the speaking of certain alleged slanderous words since the commencement of this action, to which the defendant objected as being immaterial and irrelevant; but the court overruled the objection, to which defendant at the time excepted; whereupon said witness testified as follows: 'The defendant

*5. SLANDER: republication: evidence.*

told me that the plaintiff's witnesses, the Oakey boys, during the last term of court boarded at Hinkle's, and he (defendant) expected they had a good time. We were talking about this case, and it was after it had been commenced.' Whereupon the defendant again objected to said testimony as immaterial and irrelevant, but said objection was overruled, when said witness further testified: 'I understood the defendant to mean that the boys had sexual intercourse with the plaintiffs, and so understood from the peculiar manner in which he said it.' That no objection was made to the witness stating what he understood defendant to mean. That the court did not caution the jury, at the time said evidence was introduced, or at any other time except in the instructions, that the said evidence was not admissible, or to be considered by them in determining the question of damages." The action of the court in admitting this evidence is assigned as error.

The very decided weight of authority is that proof of the speaking, after the commencement of the suit, of the same words charged in the petition, or of words of similar import, is admissible for the purpose of showing malice, or the intent with which the words were spoken originally. In such case it is held that the jury should be cautioned not to enhance the damages because of proof of words spoken since the commencement of the suit. It is plain that in all cases where words are of such character as to create a presumption of malice, proof of a repetition to show malice would be unnecessary, and as such proof cannot affect the measure of damages, it would in such cases be useless. Yet in all that class of cases where, from the circumstances of the speaking, a doubt arises as to the *quo animo*, proof of repetitions of similar charges after suit commenced may have weight in determining the intent with which the words were spoken in the first instance. And if the words then appear to be spoken maliciously, damages are given because of the first publication, without any enhancement on account of the repetitions. This view of the purpose in admitting proof of words spoken since the commencement of the suit,

it seems to us in a great degree relieves the decisions hold-
ing such evidence competent, from the criticisms to which
they have been subjected. The decisions, however, have not
limited the admission of such testimony to cases wherein
the original intention is equivocal. Such evidence has been
admitted in cases in which the words spoken were actionable
*per se*, and malice was implied. It must be conceded that
there is something unphilosophical in the admission of evi-
dence which can have no effect in the determination of the
case; yet it has a parallel in the rule which, in a criminal
case, renders proof of the defendant's good character com-
petent, although unavailing except where the proof of guilt
is circumstantial. The competency of the testimony admitted
in this case is, more or less directly, sustained by the follow-
ing authorities: *Bodwell v. Swan*, 3 Pick. 376; *Litton v.
Young*, 2 Met. (Ky.), 558; *Taylor v. Moran*, 4 Met. (Ky.),
127; *Smith v. Wyman*, 16 Maine, 13; *Robbins v. Fletcher*,
101 Mass., 115; *Benson v. Edwards*, 1 Carter (Ind.), 164;
*Palmer v. Anderson*, 33 Ala., 78; *Merrill v. Peaslee*, 17 N.
H., 540; *Smith v. Lovelace*, 1 Duval (Ky.), 215; *Forbes v.
Myers*, 8 Blackf., 74; *Roberts v. Ward*, Id., 333; *Hesler v.
Degant*, 3 Ind., 501; *Kennedy v. Gifford*, 19 Wend., 296;
*Cavanaugh v. Austin*, 42 Vt., 576; *McIntire v. Young*, 6
Blackf., 496; *True v. Plumly*, 36 Maine, 466; *Beardsley v.
Bridgman*, 17 Iowa, 291; *Schrimper v. Hielman*, 24 Iowa,
505.

The court did not err in the admission of this testimony.

V. It is claimed that the court did not sufficiently cau-
tion the jury not to enhance the damages on account of the
testimony just considered.

The court instructed as follows: "If you find the defend-
ant used to the witness Charles Gatewood, the language testi-
fied to by him, and you believe he intended
thereby to convey to the witness the same charge
alleged to have been made by the use of the slanderous words
complained of in the petition, then this fact should be con-
sidered as tending to show the malice of defendant towards
plaintiff." * * * * "The words claimed to have been

*6. ——: ——:
instruction:
damages.*

spoken by defendant to Charles Gatewood, if intended in à slanderous sense, can only be considered as tending to show malice, and cannot be made the basis of damages, not being alleged in the petition, as a cause of action, and having been spoken, if at·all, after the commencement of the case." * *
* * * "It should be the aim of the jury, to make the damages such as will be just and reasonable under all the facts proved." It is claimed that so much of the charge as is above set forth is confused and contradictory, and does not in clear and express terms give the jury information on the subject of damages. The charge, if viewed hypercritically, may seem objectionable. Yet it does seem to us, that fairly and naturally construed it does direct the jury not to allow damages, on account of the words spoken to Gatewood. The jury are told that these words cannot be made the basis of damages. That is, the jury cannot base or found any damage upon these words. The last clause, that the jury should make the damages just and reasonable under all the facts proved, is no more than a general direction to the jury to take into view the whole case, and it must be considered as modified by, and in connection with the preceding direction, not to make the testimony of Gatewood the basis of damages.

In the case of *Litton v. Young*, 2 Met., (Ky.,) 558, cited by appellant on this branch of the case, the court merely instructed that the evidence referred to "was only admissible to show malice, and for no other purpose." This it will be seen falls short of the charge in this case. In *Taylor v. Moran*, 4 Met., (Ky.,) 127–133, the jury were told that the evidence was admissible on the question of malice, and that they could not regard the words, uttered since the filing of the petition, as substantive slanders, for which they might give damages. In that case however, the court had in some other stage of the case instructed the jury, in substance, that they might consider these words on the question of damages. Hence it was held that the jury should have been specifically and clearly instructed that they must not consider the words on the question of damages, in order to remove beyond any question the false impression made by the instruction before given.

The case is not altogether analogous to the one at bar, and it seems to us of such doubtful propriety, that it ought not to be extended to facts different from those which gave occasion to it.

VI. The court instructed the jury as follows:

"If defendant, at the time he spoke the words complained of, stated that he had heard such a report from others, and gave it as a matter of rumor, and he has proved 7. ——; in- that he heard it, then while it would not amount struction: jus- tification: to a justification, for no one has the right even mitigation. through idle wantonness, to keep a slanderous report afloat against another, yet it may be considered as tending to show that he did not originate the story in malice, and given its due weight in mitigation of damages."

Defendant complains of the following passage:

"No one has the right through idle wantonness to keep a slanderous report afloat," and contends that the jury must have understood the court to say the defendant had done so. Taken with its context it is clear that it is no more than the assignment of a reason for what preceded, and that the jury could not reasonably have understood it as claimed. The record discloses to us no error.

AFFIRMED.