## WESLEY v. JACOBS.

**Practice:** NEW TRIAL: CONFLICTING EVIDENCE. The appellate court will not reverse the judgment of the trial court, refusing to grant a new trial, where the evidence is merely conflicting.

*Appeal from Muscatine District Court.*

FRIDAY, JUNE 19.

THE petition alleges that plaintiff and defendant formed a partnership for the purpose of dealing in real estate; that the business was to be carried on by defendant in his individual name, and that in July, 1870, defendant bought with the assets of the firm, a farm in Iowa county, of 240 acres, and two pieces of real estate in Wilton, Muscatine county. That in June, 1871, plaintiff and defendant had an accounting of the firm business, and agreed upon a division of the copartnership property, as follows:

Defendant was to retain a quarter section of the 240 acres in Iowa county, and convey to the plaintiff the remaining 80 acres; defendant was to convey to plaintiff one parcel of the property in Wilton. The petition further alleges that defendant conveyed the Wilton property, and the partnership was then dissolved. That defendant refused to convey the 80 acre tract, and in violation of his agreement, in March, 1873, sold the same to E. Schooley.

The answer admits the partnership, that the business was conducted in defendant's name, the purchase of the land in Iowa county and of the Wilton property; that in 1871 the parties had an accounting of the business, when it was agreed that defendant should retain as his own 160 acres of the Iowa county land, and convey to plaintiff one piece of the Wilton property.

Defendant denies that there was a full and final settlement of the firm business, and alleges that he proposed that plaintiff should pay off the firm debts, which amounted to about the value of the 80 acres in controversy, and that defendant would

thereupon convey said land to plaintiff; that plaintiff refused to pay said debts, or carry out said proposition, and that in March, 1873, defendant sold said land for $2,000, and paid the firm debts, in all about $2,400. Jury trial. Verdict and judgment for plaintiff for $2,310. Defendant appeals.

*Hanna & Fitzgerald*, for appellant.

*Cloud & Broomhall*, for appellee.

DAY, J.—The only point made is that the verdict is not sustained by the evidence. If it was sustained much less satisfactorily than it is, we would not feel inclined to interfere with the action of the trial court refusing to grant a new trial. The testimony is in irreconcilable conflict. Plaintiff testifies positively that there was a final settlement and an absolute agreement to convey the land in question.

<div style="margin-left:2em">PRACTICE: new trial: conflicting evidence.</div>

He is corroborated, at least circumstantially, by one Stephenson, who testifies that he called upon defendant with plaintiff; that plaintiff asked defendant to make a deed for the land in controversy; that defendant was in his field cutting wheat, and said he could not leave his work then, but that he would come to Wilton and make a deed, and that he said nothing about any payment to be made by plaintiff.

Upon the other hand the defendant denies the absolute agreement to convey, and testifies that the transaction was as set forth in his answer. He also introduced one Tibballs who testifies that Wesley was often out to look at the land previous to February, 1871; that he then said he would not be out any more; that he had sold the land to Jacobs; that he thinks plaintiff was not out after that time; that he had a difficulty with plaintiff, and does not think much of him.

Defendant also introduced his son, who testifies that, during the conversation between plaintiff and his father, defendant offered the 80 acres in controversy to plaintiff in case he would pay the firm debts; that plaintiff said he would see about the matter, and some days afterward said he would not take the land.

Plaintiff, being recalled, denied that he told Tibballs he had sold the land to Jacobs, and stated that he had some difficulty with Tibballs, and had sued him. This is the substance of all the material testimony. It is very evident that it does not present a case for the reversal of the judgment of a trial court refusing to grant a new trial. See *Schrimper v. Heilman*, 24 Iowa, 505; cases cited in Dillon's Digest, p. 607; Hammond's Digest, p. 614; Lacy's Digest, p. 179.

AFFIRMED.