## HALLEY v. GREGG.

| 74 | 563 |
|----|-----|
| 94 | 600 |
| 74 | 563 |
| 111 | 292 |
| 74 | 563 |
| 122 | 541 |
| 74 | 563 |
| 124 | 716 |
| 74 | 563 |
| 130 | 197 |
| 74 | 563 |
| 136 | 199 |

1. **Libel and Slander**: REPETITION: PLEADING AND PROOF. It is competent, in actions for slander, to prove a repetition of the slanderous charges for the purpose of showing malice (see cases cited in opinion), but such repetition should not be pleaded, and, when pleaded, may properly be stricken out on motion.

2. **Slander**: WHEN ACTIONABLE: CHARGE OF LETTING HOUSE FOR LEWD PURPOSES. To let a house to fallen women for lewd purposes for one night is a statutory crime (Code, sec. 4015), and to charge one falsely with such crime is actionable *per se*, without pleading special damages.

3. **Libel**: CHARGING CRIME: PLEADING SPECIAL DAMAGES. To constitute libel, it is not necessary that the publication should charge the commission of a statutory crime. (See Code, sec. 4097.) And where the charge made constitutes libel, as defined by said section, it is actionable *per se*, and special damages need not be alleged. (See *Call v. Larabee*, 60 Iowa, 212.)

*Appeal from Jackson District Court.*—HON. A. J. LEFFINGWELL, Judge.

FILED, MAY 29, 1888.

ACTION in three counts to recover damages for libel and slander. A motion to strike out part of the petition, and a demurrer to the several counts or causes of action, were sustained. Plaintiff appeals.

*G. L. Johnson* and *D. A. Wynkoop*, for appellant.

No appearance for appellee.

ROTHROCK, J.—I. The three counts of the petition were complete in themselves. A separate paragraph

1. LIBEL and slander : repetition : pleading and proof.

was added to the petition, in which it was averred, in substance, that the defendant had repeated the slanderous charges upon which the causes of action were founded. A motion was made to strike out this paragraph as redundant and irrelevant. The motion was properly sustained. It is competent, in actions for slander, to prove a repetition of the slanderous charges, for the purpose of showing malice. *Beardsley v. Bridgman,* 17 Iowa, 290 ; *Schrimper v. Heilman,* 24 Iowa, 506 ; *Hinkle v. Davenport,* 38 Iowa, 355. But it is wholly unnecessary to plead the repetition of the words. They are merely evidence upon the question of malice.

II. The first count is based upon an alleged libel. It appears from the averments of the petition, in

2. SLANDER : when actionable : charge of letting house for lewd purposes.

substance, that the plaintiff was a station agent of the Chicago & Northwestern Railway at the village of Nashville, and that the defendant wrote and signed a certain affidavit, and sent it to the superintendent of the railway, in which it was charged that the plaintiff had hired the depot or station-house to two fallen women, for the purpose of carrying on their business therein, for one night, for which he received the sum of

Halley v. Gregg.

two dollars. The second count of the petition is based upon substantially the same words, alleged to have been spoken to certain persons therein named. In the third count it is charged that the defendant spoke of the plaintiff words, in substance, as follows: that he (plaintiff) carried the keys to the Nashville church and used the church for nothing else than a whorehouse. In all the counts there are proper averments of the malice of the defendant, and the falsity of the words, and that the defendant intended thereby to charge the plaintiff with the crime of letting a house for the purposes of prostitution and lewdness. The demurrer was to the effect that the several counts did not aver that the alleged libelous and slanderous words were false, and that the action could not be sustained because the libels and slanders did not charge the plaintiff with the commission of any crime, and are therefore not actionable without pleading special damages. It will be observed that in all the counts the words alleged to be actionable are claimed to charge the plaintiff with the commission of a crime. By section 4015 of the Code, the letting of any house, knowing that the lessee intends to use it as a place or resort for the purposes of prostitution or lewdness, is a crime. It is not provided that the lease shall be written, or that it shall be for any specified time. It is very plain that if the plaintiff, having charge of a depot building and a church, rented them for the prohibited purposes, he was guilty of a crime; and that is precisely what the slanderous and libelous words charge him with doing. In such cases the words are actionable in and of themselves, and it is not necessary to plead special damages to maintain the action. And in the cause of action

3. LIBEL: charging crime: pleading special damages. for a libel, it is not necessary that the publication should charge the plaintiff with the commission of a statutory crime. It is sufficient if it is such as tends to provoke the plaintiff " to wrath, or to expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence or social intercourse." Code, sec.

4097. The act with which plaintiff was charged would, if believed by his neighbors, surely expose him to contempt, and deprive him of the benefits of public confidence. In such cases it is not necessary to plead special damages. *Call v. Larabee*, 60 Iowa, 212. The ground of the demurrer, that the libel and slander are not alleged to be false, is not well taken, because it is not correct in point of fact. The petition expressly avers their falsity. We think the demurrer should have been overruled.

REVERSED.