BARKER *v.* PRIZER.

[No. 18,191.   Filed Nov. 2, 1897.   Rehearing denied March 9, 1898.]

PLEADING.—*Supplemental Complaint.—Slander.*—Defamatory words uttered by defendant after the commencement of an action for slander constitute a separate and distinct right of action, and cannot be brought into the original action by means of a supplemental complaint.   *pp. 6-11.*

SLANDER.—*Evidence of Other Slanderous Words.—Malice.*—In an action for slander, evidence of other similar words spoken at other times and places, whether spoken prior or subsequent to the beginning of the action, are admissible to show that the words charged in the complaint were spoken with malice.   *pp. 10, 11.*

From the Elkhart Circuit Court.   *Reversed.*

*O. T. Chamberlain, P. L. Turner, J. M. Van Fleet* and *V. W. Van Fleet,* for appellant.

*Henry C. Dodge,* for appellee.

JORDAN, J.—On July 16, 1895, appellee commenced this action in the lower court against appellant to recover damages for uttering certain alleged slanderous words, whereby he imputed to her unchaste conduct. The complaint is in two paragraphs. The first charges that the words therein complained of were spoken by the defendant on July 9, 1895; and the second, that the words therein mentioned were uttered on August 9, 1894, and "on divers times since that date." Damages in the sum of $5,000.00 are demanded. Demurrers to each of these paragraphs were overruled; and on October 7, 1895, before the cause had been put at issue on the original complaint, the plaintiff filed what is denominated a supplemental complaint, wherein she alleges that on the —— day of August, 1895, and on the —— day of September, 1895, the defendant, on both of these occasions, spoke of and concerning her other slanderous words imputing to her unchaste conduct.   This supplemental plead-

ing closes with the averments that the words set out in the original complaint, together with those embraced therein "all have injured and damaged her in the sum of $10,000.00," and judgment is demanded for that amount. The evident purpose and object of this latter complaint, as it discloses, is to bring into the suit other actionable defamatory words, uttered after the filing of the original, and thereby recover damages thereon. Appellant, in his answer, pleaded matters by way of justification and mitigation of the alleged slander set out in the original and supplemental complaint. Upon the issues joined, a trial by jury resulted in a verdict in favor of the plaintiff for $5,500.00, and, over appellant's motion for a new trial, judgment was rendered for this amount. Numerous rulings of the trial court are assailed by counsel for the appellant, and presented for our consideration. The court on its own motion gave five instructions to the jury. Of these, counsel for appellant specially criticise and condemn the fifth, which is as follows: "(5) Upon the issues joined upon the supplemental complaint by the second paragraph of answer, if you find by a fair preponderance of the evidence that the matters set up in this second paragraph of answer are true, then on this issue your verdict must be for the defendant; but if you do not find them to be true, then your verdict must be for the plaintiff, and you must assess the damages at such sum as shall, in your judgment, be a just compensation for the wrong done her, including in your deliberations her anguish of mind, shame and consequent humiliation, and to this, if you find express malice prompted the speaking of the words, you may add such punitive damages as, in your judgment, will deter defendant from again uttering such falsehoods." The court, at the request of the plaintiff, also gave substantially the same instruction in regard to the

assessment of damages in the event the jury found for plaintiff upon the first and second paragraphs of her original complaint. The jury therefore was fully advised by the court to assess damages, if they found for the plaintiff, upon the words set up in the original and also upon those contained in the supplemental complaint.

Appellant insists that there are two sufficient reasons why the court erred in giving the fifth charge to the jury. First, that the court was not authorized under the law to advise the jury, as it did, in effect, that, in the event the matters set up by way of justification in the second paragraph of the answer were not established, they must assess damages on the words alleged in the supplemental complaint; second, that the court assumed in this instruction that the plaintiff had been subjected to "anguish of mind, shame, and consequent humiliation," and then informed the jury that they must include these matters in their estimation of damages. On the first proposition, appellant's specific insistence is that for the reason that the alleged slanderous words mentioned in the supplemental complaint were spoken, as the pleading shows, after the commencement of this action, therefore they cannot be tacked on to the cause of action set up in the original complaint, and damages allowed in this suit, as and for an additional cause of action. Counsel for the appellee, on the other hand, contends in support of the court's action in charging the jury as it did, that the civil code expressly gives the right to file supplemental pleadings showing facts that occurred after the former pleading was filed; that this supplemental pleading, when filed, became a part of the original complaint in the cause and entitled appellee to recover damages for the false and defamatory words set up in the former.

This action, as we have seen, was begun on July 16, 1895, and the words upon which plaintiff relies for a recovery, were alleged to have been uttered in August, 1894, and on July 9, 1895. Counsel for appellee does not controvert but what the words set up in the supplemental complaint constitute a separate and distinct cause of action. Section 402, Burns' R. S. 1894 (399, R. S. 1881), being section 138 of the civil code provides as follows: "The court may, on motion, allow supplemental pleadings, showing facts which occurred after the former pleadings were filed." A supplemental complaint as authorized to be filed by the above section has been repeatedly held, by this court, to be an additional complaint stating facts arising since the filing of the original complaint. It does not, however, supersede the latter, but becomes a part thereof, and together both constitute the complaint in the action. As the supplemental complaint forms a part of the original, a demurrer addressed to the former alone, is not permitted in our practice. If the original complaint does not state a cause of action, a supplemental one cannot be employed to aid the former in this respect, by setting up a right of action which did not exist at the time the original was filed. In support of these propositions, see *Musselman* v. *Manly*, 42 Ind. 462; *Farris* v. *Jones*, 112 Ind. 498; *Patten* v. *Stewart*, 24 Ind. 332; *Dillman* v. *Dillman*, 90 Ind. 585; *Kimble* v. *Seal*, 92 Ind. 276; *Pouder* v. *Tate*, 132 Ind. 327. The above rules as asserted by the decisions of this court, are, in the main, in harmony with those which control a supplemental bill in the practice in chancery. In fact, our code in permitting supplemental pleadings to be filed intended to follow the former rule recognized in courts of chancery. *Kimble* v. *Seal, supra.* We may, therefore, properly apply to the authorities on chancery procedure, and

therefrom ascertain the nature of and purpose of a supplemental bill in suits of equity, in order to arrive at a correct interpretation of what purpose a supplemental complaint, under our code of practice, was intended to serve.   In Gibson on Suits in Chancery, section 651, the author speaking in reference to such a bill says: "The purpose of the bill must be either (1) to supply some deficiency in the frame of the original bill, or (2) to bring forward some facts pertinent to the controversy not already alleged, or (3) to make some necessary party not before the court, or (4) to do any two or more of these things."  ·This statement serves to give at least a general outline of the purpose and object of such bills under the chancery practice.   See, also, Story's Eq. Pleadings, sections 332, 334, and 337.

It is well affirmed by the authorities that the facts set up by way of supplemental bill or complaint must be consistent with and in aid of the case made by the original complaint.   But the question with which we have to deal in this appeal is:  Can a new and independent cause of action which has accrued in favor of the plaintiff, since the filing of the original complaint, and upon which a recovery may be had without regard to the cause of action stated in the latter, be set up by means of a supplemental complaint, and a recovery authorized thereon in the suit?   This question, under a rule firmly settled, must be answered in the negative.   See *Millner* v. *Millner*, 2 Edwards Ch. 114; *Wattson* v. *Thibou*, 17 Abb. Prac. 184; *Tiffany* v. *Bowerman*, 2 Hun. 643; *Pinch* v. *Anthony*, 10 Allen 470; *Bull* v. *Rothschild*, 4 N. Y. Supp. 826.   In support of this proposition, however, we need not confine our search to the decisions of the higher courts of other jurisdictions, for the same rule is recognized·and affirmed by our own decisions.   See *Patten* v. *Stewart, supra; Musselman* v. *Manly, supra; Kimble* v. *Seal, supra.*

In *Patten* v. *Stewart,* on pp. 343 and 344 of the opinion, it is said: "But if the original complaint is wholly defective, and without equity, so that no valid decree can be rendered on it, the plaintiff cannot, by filing a supplemental complaint founded upon matters which have taken place subsequent to the commencement of the suit, sustain the proceedings originally commenced. 1 Paige 169.

"Here, as we have seen, the original complaint was defective, and under it the plaintiff could not sustain the action, and a demurrer had been sustained to it by the court below. If the amendment, therefore, can be sustained as entitling the plaintiff to any relief, it must be upon the ground that it contains within itself a valid cause of action, and, as the facts set up have occurred since the filing of the original complaint, they cannot be engrafted upon that complaint so as to sustain it, for the cause of action must have existed before the commencement of the suit."

In *Musselman* v. *Manly, supra,* the appellant sought to recover of the appellee damages for removing earth from an alley adjacent to the premises of the former. On the trial the appellant offered to prove that earth was removed from the alley by the appellee after the filing of the original complaint, but prior to the filing of the supplemental complaint, for the purpose of recovering damages which had accrued since the commencement of the action. This evidence was rejected by the trial court. The claim to introduce it was based upon certain allegations in the supplemental complaint. This court in sustaining the action of the trial court in excluding the evidence in question held that the plaintiff's right to recover was limited to such damages as had accrued at the beginning of his action, and said: "It is the general rule that the plaintiff, in an action based on contract, can only recover for such

sum as may be due at the time the action is brought; and in an action founded in tort, for such damages as had accrued at the commencement of the action. *Maxwell* v. *Boyne*, 36 Ind. 120."

In *Swinney* v. *Nave*, 22 Ind. 178, it is held, that all slanderous words spoken at a given time constitute a cause of action. The same, or other words, uttered at a different time constitute another cause of action, and in accord with the spirit of the code, the plaintiff, in a slander suit, should include all such rights of action, accruing up to the commencement of his suit, in separate paragraphs of his complaint. It is clear, under this rule, that the alleged slanderous words in the so termed supplemental complaint, which are laid as having been spoken on different occasions in August and September after the commencement of this action, constitute separate and distinct rights of action. They were wholly independent, and disconnected with the words alleged and relied on as a cause of action in the original complaint, and, under the rule to which we have referred, they could not be brought into the action by means of a supplemental pleading filed under the provisions of section 138 of the civil code, and thereby entitle the plaintiff to a recovery thereon.

Where a slander is uttered with express or actual malice, the recovery is not limited to compensatory damages only, but the jury may in its discretion impose in addition exemplary or punitive damages. *De Pew* v. *Robinson*, 95 Ind. 109. For the purpose of proving that the defendant was prompted by such malice in speaking the slanderous words of which the plaintiff complains in his complaint, other or similar words spoken by defendant at other times and places, whether spoken prior or subsequent to the beginning of the action, are admissible in evidence for such

Barker *v.* Prizer.

purpose without being pleaded. *Forbes* v.. *Meyers*, 8 Blackf. 74; *Casey* v. *Hulgan*, 118 Ind. 590; *Freeman* v. *Sanderson*, 123 Ind. 264; *Halley* v. *Gregg*, 74 Iowa 563, 38 N. W. 416; 2 Greenleaf on Ev., section 271; Odgers on Libel and Slander, *page 272. But in such cases when the words, introduced in evidence for this purpose, are actionable within themselves, the court should caution the jury not to give any damages on their account. 2 Greenleaf on Ev., section 271; Odgers on Libel and Slander, *supra.*

In *M'Glemery* v. *Keller*, 3 Blackf. 488, actionable words laid in the declaration in that case, but spoken after the commencement of the suit, were admitted in evidence, the trial court saying in the hearing of the jury that they were admissible in aggravation of damages. It was there held that this declaration of the court was reversible error, and in passing upon the question the court said: "This evidence was certainly inadmissible for the purpose of aggravating the damages. The plaintiff could not, in this action, recover damages for words spoken after the commencement of the suit." The doctrine affirmed in that case has been reaffirmed and adhered to in *Throgmorton* v. *Davis*, 4 Blackf. 174; *M'Intire* v. *Young*, 6 Blackf. 496, 39 Am. Dec. 443; *Schoonover* v. *Rowe*, 7 Blackf. 202; *Forbes* v. *Myers, supra; Burson* v. *Edwards*, 1 Ind. 164; *Meyers* v. *Bohlfing*, 44 Ind. 238.

The jury, as it appears, gave the appellee five hundred dollars more than she demanded in her original complaint, and it is evident, we think, that the erroneous statement of the law to the jury by the court in its fifth instruction, to the effect that they must assess damages for the words set up in the supplemental complaint, may have, and no doubt did, mislead them in estimating the damages, and for this error the judgment must be reversed.

The instruction may also possibly be bad for the second reason urged by appellant, but as to this we do not decide. The other alleged errors argued by counsel for appellant may not occur on another trial, hence we pass them without consideration. Counsel for appellee at a late hour insists that the evidence is not in the record, but as the question which we decide does not depend on the evidence, we need not determine whether the evidence is properly in the record. The judgment is reversed, and the cause remanded to the lower court with instructions to grant the appellant a new trial.